**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION**

**ROBERT ALLEN BAUTISTA**,
Plaintiff,

v. Civil Action No. 3:24-cv-02593

**PRICE WATERHOUSE COOPERS LLP**,
Defendant.

---

**ORDER ON MOTION TO PREVENT UNOPPOSED MOTION TO ABATE AND COMPEL ARBITRATION**

TO THE HONORABLE JUDGE SIDNEY A. FITZWATER:

Before the Court is the Plaintiff's Motion to Prevent Defendant's Unopposed Motion to Abate and Compel Arbitration. Having reviewed the motion, the Court finds that compelling arbitration would unjustly hinder the Plaintiff's ability to seek proper redress for serious allegations of **fraud** and would deprive the Plaintiff of their legal right to seek relief in a court of law. For the reasons outlined below, the Court hereby DENIES the Defendant's motion to compel arbitration.

**I. INTRODUCTION**

In this case, Defendant Price Waterhouse Coopers LLP seeks to compel arbitration under an agreement between the parties that purports to require arbitration for disputes arising between them. However, the Plaintiff, **Robert Allen Bautista**, asserts that the arbitration clause is being invoked as a means to evade accountability for fraudulent conduct. Specifically, the Plaintiff contends that the Defendant's fraudulent inducement of the Plaintiff into the agreement should prevent the enforcement of the arbitration clause.

As noted by this Court in **Bautista v. Price Waterhouse Coopers LLP**, (3:24-cv-02593), where fraud is alleged in connection with the formation of the contract, the arbitration agreement may be set aside. The Plaintiff maintains that Defendant's fraudulent actions form the basis for revoking the arbitration agreement under both Texas law and the **Federal Arbitration Act (FAA)**.

**II. ARGUMENT AND AUTHORITIES**

**A. Fraudulent Conduct Is an Exception to Arbitration Agreements**

It is a well-established principle in both state and federal law that **fraud** can invalidate an arbitration agreement. The **Texas Civil Practice and Remedies Code**, Section 172.031, allows for the revocation of an arbitration agreement on grounds that exist at law or in equity for the revocation of any contract. Fraudulent inducement or fraudulent misrepresentation in the formation of a contract is a valid ground for revocation of the agreement, including its arbitration clause.

Under **Section 172.031**, a party may revoke an arbitration agreement on any lawful ground for revocation of a contract, which includes fraudulent inducement, and the Plaintiff contends that Defendant's fraudulent actions in inducing the Plaintiff into this agreement provide a basis for the revocation of the arbitration clause.

Furthermore, the **Federal Arbitration Act (FAA)** also provides that arbitration agreements can be invalidated based on **fraud, duress, or unconscionability**. Where the underlying agreement has been tainted by fraudulent conduct, the FAA does not require the enforcement of an arbitration clause. As the Defendant has allegedly committed fraud, this Court may refuse to compel arbitration.

### B. The Arbitration Agreement Should Not Be Enforced in the Context of Fraud

In **Bautista v. Price Waterhouse Coopers LLP**, this Court recognized that an arbitration agreement may not be enforced when a party seeks to evade liability for fraudulent conduct. The Court in that case emphasized that fraud, when present, may constitute grounds for revoking an arbitration agreement. The Plaintiff in this case asserts that Defendant's fraudulent conduct is central to the dispute, and thus arbitration is not an appropriate forum for resolving such claims.

Allowing the Defendant to compel arbitration in the presence of fraud would unjustly shield the Defendant from accountability for its alleged fraudulent conduct. The Plaintiff's right to seek judicial relief for fraud and misrepresentation outweighs any procedural benefits of arbitration, especially in a case where the fraud is intertwined with the formation of the contract.

### C. The Court Has the Authority to Deny Arbitration Based on Fraud

This Court has the authority to deny the Defendant's motion to compel arbitration under **Bautista v. Price Waterhouse Coopers LLP** (3:24-cv-02593), which involved similar issues of fraud in connection with the enforceability of an arbitration clause. As the Court noted in that case, where fraud is alleged in the inducement of the agreement, arbitration may be refused and the matter should proceed in court.

This motion is brought in reliance on established legal principles that protect the Plaintiff from being forced into arbitration as a means of evading liability for fraudulent actions. The Plaintiff contends that the Defendant's fraudulent conduct undermines the arbitration process, and this Court should ensure that the Plaintiff has the opportunity to litigate their claims in a full judicial forum.

### D. The Plaintiff's Right to Seek Redress for Fraud Must Be Preserved

As outlined in the Plaintiff's complaint, this case involves serious allegations of fraud in the inducement of the agreement. The Plaintiff maintains that the Defendant misrepresented material facts, which directly led to the Plaintiff's decision to enter into the contract. The Plaintiff's right to pursue these claims and seek appropriate remedies, including potential punitive damages, should not be hindered by an arbitration clause that was procured through fraudulent means.

### III. CONCLUSION

For the reasons set forth above, the Plaintiff's Motion to Prevent Defendant's Unopposed Motion to Abate and Compel Arbitration is GRANTED.

It is hereby ORDERED that:

1. The Defendant's Motion to Abate and Compel Arbitration is DENIED;
2. The Plaintiff's claims, including allegations of fraud, shall proceed in this Court; and
3. Any other relief that the Court deems just and proper is granted.

SO ORDERED, this [date].

**SIDNEY A. FITZWATER**
Senior Judge, United States District Court
Northern District of Texas