UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**ROBERT ALLEN BAUTISTA®**,
Plaintiff,
v.                                                               Civil Action No. 3:24-cv-02593
**PRICEWATERHOUSECOOPERS LLP**,
Defendant.

---

## MOTION TO REOPEN CASE

Plaintiff, Robert Allen Bautista ("Plaintiff"), respectfully moves this Court to reopen the above-captioned case pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, based on newly discovered evidence and fraud that was previously concealed by Defendant, PricewaterhouseCoopers LLP ("Defendant" or "PWC"). In support of this Motion, Plaintiff submits the following:

### I. BACKGROUND

1. On **November 26, 2024**, Plaintiff filed an Amended Complaint against Defendant, alleging violations of federal and state law, including wrongful conduct related to improper tax withholding, the fraudulent use of Plaintiff's Social Security Number (SSN), discrimination based on national origin, and other unlawful practices.

2. Defendant attempted to compel arbitration in this matter, asserting an arbitration clause in an effort to shield themselves from the exposure of these fraudulent activities. The Defendant's actions demonstrate a clear intent to conceal fraudulent behavior and evade judicial scrutiny.

3. Plaintiff now seeks to reopen this case based on the discovery that Defendant's use of the arbitration clause was not a genuine attempt at dispute resolution, but rather a calculated attempt to hide fraudulent practices, including misclassification of Plaintiff's nationality and the illegal use of an incorrect SSN, both of which continue to cause harm to Plaintiff.

### II. BASIS FOR REOPENING THE CASE

Plaintiff submits that this case should be reopened based on the following grounds:

**A. Fraud Committed by the Defendant**

1. **Fraudulent Misclassification**: Defendant misclassified Plaintiff as a U.S. citizen, when Plaintiff is a non-citizen national of the United States, as defined under 8 U.S.C. § 1101(a)(22). This misclassification led to unlawful tax withholding and other unlawful actions.

2. **Fraudulent SSN Usage**: Defendant used an incorrect SSN associated with Plaintiff's employment, which did not belong to him, violating 42 U.S.C. § 408 (fraudulent SSN use) and 18 U.S.C. § 1028 (identity theft).

3. **Cover-up via Arbitration**: Defendant's invocation of the arbitration clause in this matter was an intentional act to shield their fraudulent conduct and to prevent these violations from being

exposed in a court of law. This is evidenced by Defendant's failure to properly address Plaintiff's grievances, including refusing to amend Plaintiff's nationality records or rectify the SSN issue.

### B. New Evidence of Fraud

1. Since the filing of the initial complaint, Plaintiff has uncovered additional evidence that further substantiates the fraudulent nature of Defendant's actions. This evidence was not previously available and would have had a material impact on the outcome of the case.

2. Plaintiff discovered that Defendant intentionally misled the Court by invoking the arbitration clause, which has only been used as a tool to delay proceedings and avoid public disclosure of fraudulent conduct.

### III. LEGAL STANDARD

Under **Rule 60(b)(3)** of the Federal Rules of Civil Procedure, a court may relieve a party from a final judgment, order, or proceeding based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Plaintiff respectfully asserts that Defendant's actions in this case meet these criteria, warranting reopening of the case.

### IV. ARGUMENT

1. **Fraudulent Behavior Justifies Reopening**: Defendant's attempt to shield themselves from the truth via arbitration is a form of fraud that was designed to obstruct justice. This Court has the authority to reopen the case to allow Plaintiff to pursue relief for these wrongful acts.

2. **Newly Discovered Evidence**: The newly discovered evidence supports Plaintiff's claims of fraud and highlights Defendant's intentional efforts to conceal their misconduct. This evidence, if presented, would alter the legal and factual landscape of this case.

3. **Preventing Injustice**: Plaintiff's rights and interests continue to be adversely affected by Defendant's fraudulent actions. Reopening the case is necessary to prevent further injustice and to allow Plaintiff the opportunity to have his claims heard in a proper forum.

### V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. **Grant this Motion to Reopen** the case and allow Plaintiff to proceed with the claims set forth in the Amended Complaint.

2. **Order Defendant to respond** to the claims raised in the Amended Complaint, including but not limited to the allegations of fraud, misclassification, and unlawful SSN usage.

3. **Issue any other relief** that this Court deems just and proper to prevent further harm to Plaintiff and to allow the full and fair resolution of this case.

Respectfully submitted,

WITHOUT RECOURSE
WITHOUT PREJUDICE
ROBERT ALLEN BAUTISTA®
BY: Bautista, Robert – Allen / Agent
-----------------------------------------------------

Robert Allen Bautista / Attorney-in-Fact

DATED: **12/04/2024**

**CERTIFICATE OF SERVICE**

I hereby certify that on this **12/05/2024**, a true and correct copy of the foregoing Motion to Reopen was served via **EMAIL** upon Defendant's counsel.

Case 3:24-cv-02593-D   Document 12   Filed 12/05/24   Page 4 of 4   PageID 142