**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ROBERT ALLEN BAUTISTA** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:24-cv-02593-D** |
| | § | |
| **PRICEWATERHOUSECOOPERS LLP,** | § | |
| | § | |
| **Defendant.** | § | |

<u>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION(S) TO REOPEN CASE**</u>

In response to Robert Allen Bautista's ("Plaintiff") various Motion(s) to reopen this case and resist arbitration, Defendant PricewaterhouseCoopers LLP ("Defendant") submits the following response:

**I.
BACKGROUND AND PROCEDURAL HISTORY**

On October 15, 2024, Plaintiff filed suit against Defendant, claiming that Defendant is improperly withholding taxes from his paychecks in violation of a litany of federal statutes including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), criminal laws, and international doctrines after he unilaterally determined in 2024 that he was no longer a U.S. Citizen. (Dkt. 3).

Although Plaintiff improperly served Defendant with this lawsuit and fails to state a claim upon which relief can be granted, Defendant responded and filed an ***Unopposed*** Motion to Abate and Compel Arbitration (the "Motion") on November 15, 2024, pursuant to Plaintiff's binding arbitration agreement with Defendant. (Dkt. 7). Defendant's counsel conferred with Plaintiff before filing the Motion, during which Plaintiff agreed that the claims should proceed pursuant to the Arbitration Agreement. (Dkt. 7-1, Ex. B). The Court granted Defendant's Motion on November

18, 2024, and Defendant initiated the Arbitration Proceedings accordingly (JAMS Ref No. 5310001074). (Dkt. 8). Plaintiff seemingly had a change of heart and filed a slew of pleadings seeking to "reopen" the case and resist arbitration: First Motion to Alter Judgment (Dkt. 9); Counter Motion to Reopen Case (Dkt. 10); Motion to Reopen the Case. (Dkt. 12).[1] Plaintiff has no legal basis for reopening the case. Plaintiff's agreement to arbitrate with Defendant is enforceable, and the Court's Order granting Defendant's Motion should stand.

## II.
## ARGUMENTS AND AUTHORITIES

**A.     Plaintiff's claims are pending in arbitration and there is no basis to reopen his case.**

Plaintiff has no legal basis for reopening this case. Plaintiff cites Fed. R. of Civ. P. 60(b), "based on newly discovered evidence and fraud that was previously concealed by Defendant," as his basis for reopening the case. (Dkt. 12). However, Rule 60(b) only offers relief from a "***final*** judgment, order, or proceeding" and is inapplicable here. Fed. R. of Civ. P. 60(b) (emphasis added).

Furthermore, the Supreme Court recently held in *Smith v. Spizzirri* that § 3 of the Federal Arbitration Act ("FAA") compels a court to issue a stay when the court "finds that a lawsuit involves an arbitrable dispute and a party has requested a stay of the court proceeding pending arbitration." No. 22-1218, slip op. at 6 (U.S. May 16, 2024). The Court stated that when a court compels arbitration, "Congress made clear that, absent certification of a controlling question of law by the district court under 28 U.S.C. § 1292(b), the order compelling arbitration is not immediately appealable." *Id.* at 5 (citing 9 U.S.C. § 16(b)). Thus, a party may only return to federal court ***after*** "such arbitration has been had in accordance with the terms of the agreement." *Id.* (quoting 9 U.S.C. § 3). Here, the Court's Order to abate the proceeding does not constitute a final

---

[1] Plaintiff also filed an Amended Complaint (Dkt. 11).  Defendant objects to the filing of the Amended Complaint.

judgment. Thus, Plaintiff is off base citing Rule 60 and the Court should refuse to reinstate the case.

**B.      In any event, Plaintiff's attacks against arbitration fail.**

Even if the Court is inclined to reconsider its decision to abate this case and compel arbitration because Plaintiff is no longer unopposed, Plaintiff's newfound opposition to his Arbitration Agreement fails on factual and legal grounds.[2]

**a.      Plaintiff's factual attacks against arbitration fail.**

Aside from conclusory statements regarding Defendant's alleged use of the Arbitration Agreement "to shield their fraudulent conduct" from "being exposed in a court of law" and generic declarations of newly discovered evidence of fraud, Plaintiff offers nothing to support his attempt to avoid arbitration. For instance, Plaintiff alleges that he has discovered new evidence that supports his "claims of fraud and highlights Defendant's intentional efforts to conceal their misconduct" that "would alter the legal and factual landscape of this case," yet fails to provide any information demonstrating this alleged new evidence. (Dkt. 12). And he states his, "rights and interests continue to be adversely affected by Defendant's fraudulent actions," but again fails to substantiate these conclusory statements with any real evidence. *Id.*

"Similar to a motion for summary judgment, and subject to the same evidentiary standards, the party alleging an arbitration agreement must present summary proof that the dispute is subject to arbitration . . . and the party resisting arbitration may contest the opponent's proof or present evidence supporting the elements of a defense to enforcement." *Rocha v. Macy's Retail Holdings, Inc.*, No. EP-17-CV-73-PRM, 2017 WL 4399575, at *2 (W.D. Tex. Oct. 3, 2017) (citation omitted). However, a party "cannot avoid compelled arbitration by generally denying the facts on

---

[2] To the extent necessary, Defendant incorporates its arguments as laid out in its Unopposed Motion to Abate and Compel Arbitration. (Dkt. 7).

which the right to arbitration rests, the party must identify specific evidence in the record demonstrating a material factual dispute for trial." *Neukranz v. Conestoga Settlement Servs., LLC*, No. 3:19-CV-1681-L-BH, 2020 WL 5415526, at *5 (N.D. Tex. Jan. 22, 2020), *report and recommendation adopted as modified*, No. 3:19-CV-1681-L, 2020 WL 2764204 (N.D. Tex. May 28, 2020). Plaintiff does not meet his burden here.

### b. Plaintiff's legal attacks against arbitration fail.

Plaintiff does not make any allegations regarding the circumstances under which the Arbitration Agreement was presented to him or his signature to the same; rather, he argues that the Arbitration Agreement *itself* is a "form of fraud that was designed to obstruct justice." (Dkt. 12). Contrary to Plaintiff's beliefs, the FAA makes private agreements to submit disputes to arbitration valid and enforceable and requires courts to enforce arbitration agreements in the same manner as it enforces all contracts. *See* 9 U.S.C. § 1, *et seq.*; *Volt Info. Sciences v. Board of Trustees*, 489 U.S. 468 (1989); *Specialty Healthcare Mgmt., Inc. v. St. Mary Parish Hosp.*, 220 F.3d 650, 654 (5th Cir. 2000). Pursuant to state and federal law, ordinary state-law contract principles determine the validity of a written arbitration agreement. *Valero Refining, Inc. v. M/T Lauberhorn,* 813 F.2d 60, 64 (5th Cir. 1987). In Texas, "an employer may enforce an arbitration agreement entered into during an at-will employment relationship if the employee received notice of the employer's arbitration policy and accepted it." *In re Dallas Peterbilt, Ltd.,* 196 S.W.3d 161, 162 (Tex. 2006).

It is undisputed that Defendant presented Plaintiff with the Arbitration Agreement, he signed the Agreement, and thereafter continued working for and accepting compensation from Defendant. Plaintiff was aware of the terms of the Arbitration Agreement and its impact—in fact, he signed and acknowledged it, affirming that he read and understood that the Arbitration Agreement required him to arbitrate "when the dispute relates in any way to, or arises out of, [his] employment." (Dkt. 7-1, Ex. A). Moreover, Plaintiff's claims inarguably fall within the express

written scope of the Arbitration Agreement as they relate directly and solely to his employment. *See ATT Technologies, Inc. v. Commc'n Workers of America*, 475 U.S. 643 (1986) (holding that in "the absence of any express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail"); *see also Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) ("[The FAA] establishes that, as a matter of law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."). Thus, Defendant's Arbitration Agreement is valid and must be enforced.

## III.
## CONCLUSION

For these reasons, Defendant requests that the Court deny Plaintiff's Motion to Reopen the Case and affirm its Order Granting Defendant's Motion to Abate and Compel Arbitration. Defendant further requests such other relief as the Court deems appropriate.

Respectfully submitted,

*/s/ Kristin Snyder Higgins*
KRISTIN SNYDER HIGGINS
Texas State Bar No. 24046880
kristin.higgins@ogletree.com
NATALIE A. DARGENE
Texas State Bar No. 24144213
natalie.dargene@ogletree.com
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
8117 Preston Road, Suite 500
Dallas, TX 75225
Telephone: (214) 987-3800
Fax: (214) 987-3927

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 19, 2024, a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Kristin Snyder Higgins*
Kristin S. Higgins