# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

**ROBERT ALLEN BAUTISTA**
Plaintiff,

v.  Civil Action No. 3:24-cv-02593-D

**PRICEWATERHOUSECOOPERS LLP**
Defendant.

### Plaintiff's Response to Defendant's Response to Motion(s) to Reopen Case

## I. INTRODUCTION

Plaintiff Robert Allen Bautista ("Plaintiff") submits this response to Defendant PricewaterhouseCoopers LLP's ("Defendant") Response to Plaintiff's Motion(s) to Reopen the Case. Plaintiff is **not opposed to arbitration** and has agreed to arbitrate the disputes in this matter in good faith. However, Plaintiff objects to the automatic closure of the case based on Defendant's motion, as this action serves to shield Defendant from accountability for its fraudulent conduct. Plaintiff seeks the opportunity to address the issues raised in his complaint in a fair judicial process and believes that reopening the case is necessary to prevent Defendant from evading scrutiny.

Plaintiff has acted in good faith throughout the arbitration process, but Defendant's motion to close the case is an improper attempt to avoid judicial oversight and conceal its wrongful actions. The arbitration proceedings have not yet begun, and the Court should allow the claims to be fully examined if arbitration fails to resolve them.

## II. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's claims against Defendant involve serious allegations of fraud, tax withholding violations, misclassification of nationality, and civil rights infringements. While Plaintiff agreed to arbitrate, he did not agree to the automatic closure of the case should arbitration fail to resolve the dispute. Defendant's motion to close the case is an attempt to block judicial review and deprive Plaintiff of the opportunity to seek justice for Defendant's wrongful actions.

Plaintiff consented to arbitration in good faith, expecting a fair and impartial resolution of the disputes. However, Plaintiff did not agree that the case should be closed automatically if arbitration proves to be an inadequate forum for resolving the claims. The Court should not allow Defendant to shield itself from its fraudulent conduct by prematurely closing the case.

**Plaintiff presents the following timeline of communications and evidence:**

- Nov 14, 2024: Defendant's attorney, Kristin Snyder Higgins, informed Plaintiff that a Motion to Compel Arbitration would be filed.

- Nov 15, 2024: Plaintiff consented to arbitration, explicitly stating that this did not constitute agreement to automatically close the case.

- Nov 20, 2024: Defendant confirmed the initiation of arbitration proceedings with JAMS.
- Nov 22, 2024: Plaintiff filed a motion to reopen the case due to the discovery of fraudulent actions by Defendant.

## III. RESPONSE TO DEFENDANT'S ARGUMENTS

### A. Plaintiff Did Not Agree to Close the Case in the Event of Arbitration Failure

Defendant wrongly asserts that Plaintiff's agreement to arbitrate also included an agreement to close the case entirely if arbitration fails. Plaintiff did not consent to such a closure. While Plaintiff agreed to arbitrate, he specifically did not agree to the automatic closure of this case should arbitration fail to resolve the dispute. The idea that Plaintiff consented to close the case under these circumstances is not supported by any agreement between the parties.

Defendant's attempt to close the case is an overreach and an effort to prevent judicial scrutiny. It is a tactic to avoid accountability for Defendant's fraudulent actions and to prevent the issues that have harmed Plaintiff from being examined by a court of law.

### B. Defendant's Closure of the Case Is an Act in Bad Faith

Defendant's motion to close the case is an attempt to shield itself from accountability for its fraudulent actions. The claims Plaintiff is asserting involve not just tax withholding or employment-related violations, but also serious issues such as misclassification of nationality, unlawful deductions, and potential violations of Plaintiff's civil rights. Defendant's conduct, which includes fraudulent actions to withhold taxes and misrepresent employment information, is unlawful and has harmed Plaintiff financially and personally.

By requesting the closure of the case, Defendant is attempting to evade judicial oversight and deny Plaintiff the opportunity to seek justice. This is an act in bad faith aimed at shielding Defendant from the legal consequences of its fraudulent actions. The Court should reject this effort and ensure that Plaintiff's claims are fully examined in a fair and transparent legal process.

### C. Plaintiff's Motion to Reopen the Case Is Based on New Evidence and Fraud

As stated in Plaintiff's motion to reopen, there is newly discovered evidence that demonstrates Defendant's fraudulent conduct. This includes Defendant's intentional withholding of taxes from Plaintiff's paychecks, misclassification of Plaintiff's nationality, and misrepresentation of other employment matters. These actions have caused significant harm to Plaintiff, and allowing the case to be closed would effectively allow Defendant to continue its fraudulent behavior without consequence.

Plaintiff's allegations are based on evidence that was not available at the time the case was initially filed, and this new evidence justifies reopening the case. The fraud committed by Defendant directly affects Plaintiff's ability to assert his legal rights, and judicial intervention is necessary to ensure that these issues are properly addressed.

### D. Response to Defendant's Arguments Regarding Legal Grounds

Defendant argues that Plaintiff has no legal basis for reopening the case and that Federal Rule of Civil Procedure 60(b) is inapplicable. However, Plaintiff submits that the discovery of newly concealed evidence—specifically, evidence of fraud—provides grounds for reopening the case. As Defendant's

actions were fraudulent, they obstruct Plaintiff's legal rights, and the Court should allow for judicial review of those claims.

Defendant's reliance on the case of *Smith v. Spizzirri* and the claim that the motion to compel arbitration is not a final judgment is misguided. Plaintiff is not attempting to challenge the decision to compel arbitration but rather seeks to reopen the case based on fraudulent conduct that was concealed during the arbitration process. The fraudulent actions that have been uncovered require the Court's oversight.

### IV. PLAINTIFF'S REQUEST

Plaintiff respectfully requests that this Court:

- Deny Defendant's motion to close the case.
- Allow the case to proceed in this Court should arbitration fail to resolve the dispute.
- Ensure that Defendant's fraudulent conduct is fully examined in a fair and transparent judicial process.

### V. CONCLUSION

For the reasons outlined above, Plaintiff respectfully requests that this Court deny Defendant's motion to close the case and reopen the proceedings. Defendant's actions are not only unsubstantiated but also in bad faith, aimed at covering up fraud and denying Plaintiff access to justice. Plaintiff seeks judicial oversight of these claims and the opportunity to address the fraud and misconduct that has occurred.

Plaintiff submits that the Court should reject Defendant's motion to close the case and allow these serious claims to be fully litigated.

Respectfully submitted,

WITHOUT RECOURSE
WITHOUT PREJUDICE
**ROBERT ALLEN BAUTISTA®**
BY: /s/ Bautista, Robert-Allen / Agent
--------------------------------------
Robert Allen Bautista / Attorney-In-Fact
