**Outline of Legal Violations, Penalties, and Damages**

**I. Background of Allegations**

- **Plaintiff's Claims**:

    o   The plaintiff, **Robert Allen Bautista**, asserts that his employer, **PricewaterhouseCoopers LLP** (PWC), has failed to recognize his correct nationality, misclassifying him as a U.S. citizen. The plaintiff claims that he is a **non-citizen national of the United States**, a status he believes entitles him to certain rights and protections under U.S. law, including proper tax withholding and the ability to avoid misrepresenting his nationality.

    o   The plaintiff attempted to correct the record by submitting a new **I-9 form** and **W-8BEN form** on **August 22, 2024**, to clarify his status. He further claims that PWC's refusal to correct his records constitutes a violation of his rights under **8 USC 1101(a)(22)**, **18 USC 4**, and **18 USC 911**. Additionally, the plaintiff alleges that this failure to correct his nationality has led to improper tax withholding, **fraudulent use of a Social Security number (SSN)**, and discrimination based on **national origin**, violating multiple statutes, including the **Civil Rights Act of 1964**.

    o   The plaintiff also claims that PWC's actions amount to a violation of his **human rights** under international law, specifically the **UN Declaration of Human Rights**.

**II. Nationality and Employment Classification Issues**

**A. Misclassification of Nationality**

- **Claim**: The plaintiff alleges that PWC has misclassified him as a U.S. citizen, resulting in improper tax withholding and misrepresentation of his legal status in violation of federal law.

- **Applicable Laws**:

    o   **8 USC 1101(a)(22)**: Defines a **"national of the United States"** as a **U.S. citizen** or a **person who, though not a citizen, owes permanent allegiance to the United States**. The plaintiff asserts that he is a **non-citizen national** under this definition.

    o   **8 USC 1101(a)(21)-(23)**:

        - **8 USC 1101(a)(21)**: Defines a **U.S. citizen** as anyone who, by birth or naturalization, has citizenship under the jurisdiction of the United States.

        - **8 USC 1101(a)(22)**: Defines a **national of the United States** as a person who, although not a U.S. citizen, owes **permanent allegiance to the United States** and is entitled to a U.S. passport.

        - **8 USC 1101(a)(23)**: Defines **naturalization** as the conferring of nationality upon a person after birth, by any means whatsoever. The plaintiff claims that he has conferred nationality on himself under this definition, invoking the concept of **self-identified nationality** through his affiliation with the **Amnesty Coalition**.

    o   **8 USC 1324a(b)**: The **I-9** employment verification form must be accurately completed, and the employer must verify the citizenship or legal work status of the employee. The

plaintiff argues that his correct nationality status should be reflected on the I-9, as forcing him to misrepresent his nationality as U.S. citizenship would constitute **fraud** under **18 USC 911**.

### B. Form I-9 and W-8BEN Discrepancies

- **Claim**: The plaintiff submitted a new **I-9 form** and **W-8BEN form** to reflect his non-citizen national status and requested that his records be corrected. He claims that if forced to continue submitting documents that misrepresent his status, it would be a **felony** under **18 USC 911** (false claims of U.S. citizenship).

- **Applicable Laws**:
    - **8 USC 1324a(b)**: Requires employers to verify employees' work eligibility. The plaintiff argues that he is entitled to work as a non-citizen national, but the employer must correctly classify him as such on his employment records.
    - **18 USC 911**: Makes it a felony to falsely claim U.S. citizenship. If the employer requires the plaintiff to falsely present himself as a U.S. citizen, this would be a violation of this statute.

---

## III. Social Security Number (SSN) Issues

### A. Use of Incorrect SSN

- **Claim**: The plaintiff asserts that the SSN previously associated with his employment was not his own but belonged to another person, and he requests that it be purged from PWC's records.

- **Applicable Laws**:
    - **42 USC 408**: Prohibits the use of fraudulent or unauthorized **Social Security numbers**. The use of an incorrect SSN, even if unintentional, may lead to **criminal penalties**.
    - **18 USC 1028**: Criminalizes **identity theft** and the use of someone else's identifying information, including SSNs. If PWC continues to use an SSN that does not belong to the plaintiff, they may be in violation of this statute.
    - **42 USC 408(a)(7)**: Specifies that it is a felony to use or disclose an SSN that does not belong to the person to whom it is assigned. This could result in **criminal prosecution** and **penalties** for PWC.

### B. Deletion of SSN from Employer's Records

- **Claim**: The plaintiff requests that PWC delete the incorrect SSN from their records entirely, as continuing to use it constitutes **fraud** under U.S. law.

- **Applicable Laws**:
    - **42 USC 408(a)**: Violations of SSN disclosure rules can result in **criminal penalties**, including **fines** and **imprisonment**.

- - **18 USC 4**: Criminalizes the act of **misprision of a felony**, or concealing a felony. If PWC is aware that the SSN on file is incorrect and fails to take action to correct it, they may be liable under this statute.

---

**IV. Discrimination and Human Rights Violations**

**A. Discrimination Based on National Origin**

- **Claim**: The plaintiff asserts that PWC's failure to properly recognize his non-citizen national status constitutes **discrimination based on national origin**, violating his rights under Title VII of the Civil Rights Act of 1964.

- **Applicable Laws**:

  - **Title VII of the Civil Rights Act of 1964**: Prohibits discrimination based on national origin. The plaintiff argues that his **national origin** status has been improperly recognized by PWC, which could be considered unlawful discrimination under Title VII.

  - **42 USC 1981**: Prohibits discrimination on the basis of national origin in employment contracts.

  - **Immigration and Nationality Act (INA)**: Section 274B prohibits discrimination in employment based on citizenship status.

**B. Human Rights Violations (UN Declaration of Human Rights)**

- **Claim**: The plaintiff contends that his right to change or clarify his nationality is a **human right** protected by international law. Denying him this right violates the **UN Declaration of Human Rights**.

- **Applicable Laws**:

  - **UN Declaration of Human Rights, Article 15, Section 2**: No one shall be arbitrarily deprived of their nationality or denied the right to change their nationality.

  - **International Covenant on Civil and Political Rights (ICCPR)**: Though the U.S. is a signatory, the ICCPR influences domestic legal interpretation regarding nationality rights.

---

**V. Peonage and Forced Labor (Human Trafficking)**

**A. Human Trafficking and Coercion (Peonage)**

- **Claim**: The plaintiff claims that PWC's failure to correct his employment status and tax forms amounts to coercion or forced labor, thus violating his rights under U.S. human trafficking laws.

- **Applicable Laws**:

  - **18 USC 1595**: Allows victims of trafficking to seek civil damages. The plaintiff asserts that PWC's failure to correct his records may be considered coercion, making it liable for trafficking damages.

- **18 USC 1581**: Prohibits **peonage** or forced labor, which includes any situation in which a person is forced to work under threat of unlawful detention or exploitation. If PWC's actions are deemed coercive, the plaintiff may be entitled to **compensatory and punitive damages**.

---

## VI. Potential Penalties and Damages for Employer

### A. Criminal Penalties

1. **For Tax Fraud, Misclassification, and SSN Misuse**:
   - **Fines**: Up to **$500,000** for individuals and **$5 million** for corporations (18 USC 77, 42 USC 408).
   - **Imprisonment**: Up to **5 years** for each criminal violation (18 USC 77, 42 USC 408).
   - **Restitution**: The employer may be required to pay restitution for any financial harm caused, including wrongful tax withholding and damages from SSN misuse.

2. **For Peonage and Human Trafficking**:
   - **Criminal Prosecution**: Violations of **18 USC 1595** and **18 USC 1581** may result in **imprisonment** and **substantial fines**.

### B. Civil Penalties

1. **Civil Rights Violations (Discrimination and Human Rights)**:
   - **Compensatory Damages**: For emotional distress, lost wages, and harm caused by discriminatory practices (42 USC 1981, Title VII).
   - **Punitive Damages**: For gross misconduct or willful violation of rights.
   - **Injunctive Relief**: The plaintiff may request that PWC correct their employment records and cease discriminatory practices.

### C. Legal Fees

- **Attorney's Fees**: If the plaintiff prevails, PWC may be required to pay the plaintiff's **attorney's fees** and other litigation costs (Title VII, 18 USC 1595).

---

## VII. Conclusion

If the plaintiff's allegations are substantiated, **PricewaterhouseCoopers LLP** could face significant **financial liability** and **legal consequences** for violating a range of criminal statutes (such as **tax fraud**, **false citizenship claims**, **SSN misuse**) and civil rights laws (**discrimination**, **human rights violations**). The employer could also be exposed to **compensatory** and **punitive damages**, and may be subject to **criminal prosecution** depending on the severity of the violations.