**OFFICE OF THE CHIEF DISCIPLINARY COUNSEL**
**STATE BAR OF TEXAS**
**GRIEVANCE FORM**

**THREE WAYS TO FILE:**
1. **ONLINE FILING AVAILABLE AT** http://sbotservices.texasbar.com.
2. **FAX FILING AVAILABLE AT (512) 427-4315**
3. **MAIL FILING TO P.O. BOX 13287, AUSTIN, TX 78711**

I. **GENERAL INFORMATION**

**Before you fill out this paperwork, there may be a faster way to resolve the issue you are currently having with an attorney.**

If you are considering filing a grievance against a Texas attorney for any of the following reasons:

~ You are concerned about the progress of your case.
~ Communication with your attorney is difficult.
~ Your case is over or you have fired your attorney and you need documents from your file or your former attorney.

**You may want to consider contacting the Client-Attorney Assistance Program (CAAP) at 1-800-932-1900.**

CAAP was established by the State Bar of Texas to help people resolve these kinds of issues with attorneys quickly, without the filing of a formal grievance.

CAAP can resolve many problems without a grievance being filed by providing information, by suggesting various self-help options for dealing with the situation, or by contacting the attorney either by telephone or letter.

**I have ☐    I have not ☒ contacted the Client-Attorney Assistance Program.**

If you prefer, you have the option to file your grievance online at http://sbotservices.texasbar.com.

**In order for us to comply with our deadlines, additional information/documentation that you would like to include as part of your grievance submission must be received in this office by mail or fax within (10) days after submission of your grievance. <u>Please limit your additional information to 25 pages. Information, including audio, video or image files, submitted on a USB thumb drive or flash drive must not exceed 25MB.</u> Information received after the 10 day deadline will be returned and not considered, as well as information submitted on CDs, DVDs, cassette tapes or other unsupported media. Thank you for your cooperation in this matter.**

070824

**NOTE: All questions on the grievance form must be answered completely.** If a question doesn't apply to your situation, you must state "not applicable" or "N/A." If you don't know the answer to a question, state that you don't know. **Do not leave any section blank.** Grievance forms that are not complete with required information will be automatically rejected and returned.

## II.   INFORMATION ABOUT YOU — PLEASE KEEP CURRENT

1. TDCJ/SID # __N/A__     Name: __ROBERT ALLEN BAUTISTA®__
   Immigration # __N/A__
   Address: __PO BOX 131385__
   City: __DALLAS__   State: __TX__   Zip Code: __75313__

2. Employer: __N/A__
   Employer's Address: __N/A__

3. Telephone numbers: Residence: __N/A__   Work: __N/A__
   Cell: __702 501 9639__

4. Email: __RBRTBTST16@GMAIL.COM__

5. Drivers License # __N/A__   Date of Birth __10/16/1991__

6. Name, address, and telephone number of person who can always reach you in the event that the Office of Chief Disciplinary Counsel needs to locate you. *Please note that confidentiality is not waived and this individual does not have the authority to contact the Office of Chief Disciplinary Counsel in order to obtain information about this grievance.
   Name __N/A__   Address __N/A__
                  Telephone __N/A__

7. Do you understand and write in the English language? __YES__
   If no, what is your primary language? __N/A__
   Who helped you prepare this form? __N/A__
   Will they be available to translate future correspondence during this process? __N/A__

8. Are you a Judge?  Yes ☐   No ☒

If yes, provide Court, County, City, State: __N/A__

9. Are you an attorney? Yes ☐  No ☒
   ~~If "yes,"~~ are you currently in litigation with the attorney named in this grievance?
   Yes ☒   No ☐

III. **INFORMATION ABOUT ATTORNEY**

   Note: **Grievances are not accepted against law firms.** You must specifically name the attorney against whom you are complaining. A separate grievance form must be completed for each attorney against whom you are complaining.

   1. Attorney name: __KRISTIN SNYDER HIGGINS__ Address: __8117 PRESTON RD STE 500__
      City: __DALLAS__   State: __TX__   Zip Code: __75225__

   2. Telephone number: Work __214 987 3800__ Home __N/A__ Other __214 987 3927__

   3. Have you or a member of your family filed a grievance about this attorney previously?
      Yes ☐    No ☒ If "yes", please state its approximate date and outcome. _____

      Have you or a member of your family ever filed an appeal with the Board of Disciplinary Appeals about this attorney?

      Yes ☐    No ☒ If "yes," please state its approximate date and outcome. _____

   4. Please check one of the following:

      ☐ This attorney was **hired** to represent me.

      ☐ This attorney was **appointed** to represent me.

      ☒ This attorney was hired to represent **someone else**.

      If this attorney represents **someone else**, please check one of the following:

      ☐ I am a family member or a ward in a guardianship proceeding that is the subject of the grievance;

      ☐ I am a family member of a decedent in a probate matter that is the subject of the grievance;

      ☐ I am a trustee of a trust or an executor of an estate if the matter that is the subject of the grievance relates to the trust or estate;

070824                                                                                     3

☐ I am the judge, prosecuting attorney, defense attorney, court staff member, or juror in the legal matter that is the subject of the grievance;

☐ I am a trustee in a bankruptcy that is the subject of the grievance;

☒ I have an interest in, or connection with, the attorney or the legal matter or the facts alleged in the grievance based on the following facts:

PRO SE LITIGANT IN CIVIL CASE
# 3:24-CV-02593-D

If you hired the attorney, tell us how you met the attorney. Specifically, please provide details about how you came to know and hire this attorney. N/A

Please give the date the attorney was hired or appointed. N/A

Please state what the attorney was hired or appointed to do. N/A

5. What was your fee arrangement with the attorney? N/A

   How much did you pay the attorney? N/A

   **If you signed a contract and have a <u>copy</u>, please attach.**
   **If you have <u>copies</u> of checks and/or receipts, please attach.**
   **Do not send originals.**

6. Are you currently represented by an attorney? Yes ☐   No ☒
   If yes, please provide information about your current attorney N/A

7. Do you claim the attorney has an impairment, such as depression or a substance use disorder? If yes, please provide specifics (your **personal** observations of the attorney such

070824                                                                                              4

as slurred speech, odor of alcohol, ingestion of alcohol or drugs in your presence etc., including the date you observed this, the time of day, and location).

_____ N/A _____

_____

8. Did the attorney ever make any statements or admissions to you or in your presence that would indicate that the attorney may be experiencing an impairment, such as depression or a substance use disorder? If so, please provide details.

_____ N/A _____

_____

IV. **INFORMATION ABOUT YOUR GRIEVANCE**

1. Where did the activity you are complaining about occur?

   County: __DALLAS__   City: __DALLAS__

2. If your grievance is about a lawsuit, answer the following, if known:

   a. Name of court __US DISTRICT COURT__

   b. Title of the suit __BAUTISTA V. PRICEWATERHOUSE COOPERS LLP__

   c. Case number and date suit was filed __#3:24-CV-02593-D   10/15/24__

   d. If you are not a party to this suit, what is your connection with it? Explain briefly.

   _____ N/A _____

   If you have <u>copies</u> of court documents, please attach. __ATTATCHED__

3. Explain in detail why you think this attorney has done something improper or has failed to do something which should have been done. Attach additional sheets of paper if necessary.

   **Supporting documents, such as copies of a retainer agreement, proof of payment, correspondence between you and your attorney, the case name and number if a specific case is involved, and copies of papers filed in connection with the case, may be useful to our investigation. <u>Do not send originals, as they will not be returned. Additionally, please do not use staples, post-it notes, or binding. Please limit your supporting documentation to 25 pages. Information, including audio, video or image files, submitted on a USB thumb drive or flash drive must not exceed 25MB.</u> Information received after the 10 day deadline will be returned and not considered, as well as information submitted on CDs, DVDs, cassette tapes or other unsupported media.**

   **Include the names, addresses, and telephone number of all persons who know something about your grievance.**

Please be advised that a copy of your grievance will be forwarded to the attorney named in your grievance. To protect your privacy and the privacy of others, please redact personal identifying information (i.e., social security number, date of birth) from any document you provide in support of your grievance and avoid submitting medical records or protected health information belonging to third-parties. <u>Please be advised that in the event that you do provide records that contain your own personal identifying information or protected health information, you are authorizing us to share this information with the attorney named in your grievance.</u> Be advised that documents that contain unredacted third party personal identifying information or that individual's protected health information will be returned and not considered. <u>By executing the grievance below, you authorize the CDC to disclose your personal identifying information and protected health information as necessary to comply with the law, or as necessary to carry out the function and duties of the CDC.</u>

PLANTIFF AGREED TO ARBITRATION. DEFENDANTS ATTORNEY KRISTIN SNYDER HIGGINS ACTED IN BAD FAITH AND SUBMITTED A MOTION INSTRUCTING THE COURT TO CLOSE THE CASE BEFORE INITIATING ARBITRATION AS A TACTIC TO PREVENT JUDICIAL SCRUTINY OF THE CASE. SEE ATTACHED DOCKET #16

V. **HOW DID YOU LEARN ABOUT THE STATE BAR OF TEXAS' ATTORNEY GRIEVANCE PROCESS?**

- ☐ Yellow Pages
- ☐ Internet
- ☒ Other
- ☐ CAAP
- ☐ Attorney
- ☐ Website

VI. **ATTORNEY-CLIENT PRIVILEGE WAIVER**

I hereby expressly waive any attorney-client privilege as to the attorney, the subject of this Grievance, and authorize such attorney to reveal any information in the professional relationship to the Office of Chief Disciplinary Counsel of the State Bar of Texas. I understand that it may be necessary to act promptly to preserve any legal rights I may have, and that commencement of a civil action may be required to preserve those rights.

Additionally, I understand that the Office of Chief Disciplinary Counsel may exercise its discretion and refer this Grievance to the Client-Attorney Assistance Program (CAAP) of the State Bar of Texas for assistance in resolving a subject matter of this Grievance. In that regard, I hereby acknowledge my understanding that such discretionary referral does not constitute the commencement of a civil action and that the State Bar of Texas will not commence any civil action on my part. I acknowledge that it is my responsibility to seek and obtain any necessary legal advice with respect to this matter. I also understand that any information I provide to the State Bar of Texas may be used to assist me and will remain confidential for purposes of resolving the issue(s) described above.

I understand that the Office of Chief Disciplinary Counsel maintains as confidential the processing of Grievances.

I hereby swear and affirm that I am the person named in Section II, Question 1 of this form (the Complainant) and that the information provided in this Grievance is true and correct to the best of my knowledge.

WITHOUT RECOURSE WITHOUT PREJUDICE ROBERT ALLEN BAUTISTA ®

Signature: _BY: Robt, Altt Alln /Agent_   Date: _12/21/2024_

Printed Name: _Robert Allen Bautista /Attorney-in-fact_

To ensure **PROMPT ATTENTION, THE GRIEVANCE SHOULD BE MAILED OR FAXED TO:**

THE OFFICE OF CHIEF DISCIPLINARY COUNSEL
P.O. Box 13287
Austin, TX 78711
Fax: (512) 427-4315

070824                                                                                                  7

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

**ROBERT ALLEN BAUTISTA**
Plaintiff,

v.                                                                                          Civil Action No. 3:24-cv-02593-D

**PRICEWATERHOUSECOOPERS LLP**
Defendant.

### Plaintiff's Response to Defendant's Response to Motion(s) to Reopen Case

### I. INTRODUCTION

Plaintiff Robert Allen Bautista ("Plaintiff") submits this response to Defendant PricewaterhouseCoopers LLP's ("Defendant") Response to Plaintiff's Motion(s) to Reopen the Case. Plaintiff is **not opposed to arbitration** and has agreed to arbitrate the disputes in this matter in good faith. However, Plaintiff objects to the automatic closure of the case based on Defendant's motion, as this action serves to shield Defendant from accountability for its fraudulent conduct. Plaintiff seeks the opportunity to address the issues raised in his complaint in a fair judicial process and believes that reopening the case is necessary to prevent Defendant from evading scrutiny.

Plaintiff has acted in good faith throughout the arbitration process, but Defendant's motion to close the case is an improper attempt to avoid judicial oversight and conceal its wrongful actions. The arbitration proceedings have not yet begun, and the Court should allow the claims to be fully examined if arbitration fails to resolve them.

### II. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's claims against Defendant involve serious allegations of fraud, tax withholding violations, misclassification of nationality, and civil rights infringements. While Plaintiff agreed to arbitrate, he did not agree to the automatic closure of the case should arbitration fail to resolve the dispute. Defendant's motion to close the case is an attempt to block judicial review and deprive Plaintiff of the opportunity to seek justice for Defendant's wrongful actions.

Plaintiff consented to arbitration in good faith, expecting a fair and impartial resolution of the disputes. However, Plaintiff did not agree that the case should be closed automatically if arbitration proves to be an inadequate forum for resolving the claims. The Court should not allow Defendant to shield itself from its fraudulent conduct by prematurely closing the case.

**Plaintiff presents the following timeline of communications and evidence:**

- Nov 14, 2024: Defendant's attorney, Kristin Snyder Higgins, informed Plaintiff that a Motion to Compel Arbitration would be filed.

- Nov 15, 2024: Plaintiff consented to arbitration, explicitly stating that this did not constitute agreement to automatically close the case.

- Nov 20, 2024: Defendant confirmed the initiation of arbitration proceedings with JAMS.
- Nov 22, 2024: Plaintiff filed a motion to reopen the case due to the discovery of fraudulent actions by Defendant.

### III. RESPONSE TO DEFENDANT'S ARGUMENTS

**A. Plaintiff Did Not Agree to Close the Case in the Event of Arbitration Failure**

Defendant wrongly asserts that Plaintiff's agreement to arbitrate also included an agreement to close the case entirely if arbitration fails. Plaintiff did not consent to such a closure. While Plaintiff agreed to arbitrate, he specifically did not agree to the automatic closure of this case should arbitration fail to resolve the dispute. The idea that Plaintiff consented to close the case under these circumstances is not supported by any agreement between the parties.

Defendant's attempt to close the case is an overreach and an effort to prevent judicial scrutiny. It is a tactic to avoid accountability for Defendant's fraudulent actions and to prevent the issues that have harmed Plaintiff from being examined by a court of law.

**B. Defendant's Closure of the Case Is an Act in Bad Faith**

Defendant's motion to close the case is an attempt to shield itself from accountability for its fraudulent actions. The claims Plaintiff is asserting involve not just tax withholding or employment-related violations, but also serious issues such as misclassification of nationality, unlawful deductions, and potential violations of Plaintiff's civil rights. Defendant's conduct, which includes fraudulent actions to withhold taxes and misrepresent employment information, is unlawful and has harmed Plaintiff financially and personally.

By requesting the closure of the case, Defendant is attempting to evade judicial oversight and deny Plaintiff the opportunity to seek justice. This is an act in bad faith aimed at shielding Defendant from the legal consequences of its fraudulent actions. The Court should reject this effort and ensure that Plaintiff's claims are fully examined in a fair and transparent legal process.

**C. Plaintiff's Motion to Reopen the Case Is Based on New Evidence and Fraud**

As stated in Plaintiff's motion to reopen, there is newly discovered evidence that demonstrates Defendant's fraudulent conduct. This includes Defendant's intentional withholding of taxes from Plaintiff's paychecks, misclassification of Plaintiff's nationality, and misrepresentation of other employment matters. These actions have caused significant harm to Plaintiff, and allowing the case to be closed would effectively allow Defendant to continue its fraudulent behavior without consequence.

Plaintiff's allegations are based on evidence that was not available at the time the case was initially filed, and this new evidence justifies reopening the case. The fraud committed by Defendant directly affects Plaintiff's ability to assert his legal rights, and judicial intervention is necessary to ensure that these issues are properly addressed.

**D. Response to Defendant's Arguments Regarding Legal Grounds**

Defendant argues that Plaintiff has no legal basis for reopening the case and that Federal Rule of Civil Procedure 60(b) is inapplicable. However, Plaintiff submits that the discovery of newly concealed evidence—specifically, evidence of fraud—provides grounds for reopening the case. As Defendant's

actions were fraudulent, they obstruct Plaintiff's legal rights, and the Court should allow for judicial review of those claims.

Defendant's reliance on the case of *Smith v. Spizzirri* and the claim that the motion to compel arbitration is not a final judgment is misguided. Plaintiff is not attempting to challenge the decision to compel arbitration but rather seeks to reopen the case based on fraudulent conduct that was concealed during the arbitration process. The fraudulent actions that have been uncovered require the Court's oversight.

## IV. PLAINTIFF'S REQUEST

Plaintiff respectfully requests that this Court:

- Deny Defendant's motion to close the case.
- Allow the case to proceed in this Court should arbitration fail to resolve the dispute.
- Ensure that Defendant's fraudulent conduct is fully examined in a fair and transparent judicial process.

## V. CONCLUSION

For the reasons outlined above, Plaintiff respectfully requests that this Court deny Defendant's motion to close the case and reopen the proceedings. Defendant's actions are not only unsubstantiated but also in bad faith, aimed at covering up fraud and denying Plaintiff access to justice. Plaintiff seeks judicial oversight of these claims and the opportunity to address the fraud and misconduct that has occurred.

Plaintiff submits that the Court should reject Defendant's motion to close the case and allow these serious claims to be fully litigated.

Respectfully submitted,

WITHOUT RECOURSE
WITHOUT PREJUDICE
**ROBERT ALLEN BAUTISTA®**
BY: /s/ Bautista, Robert-Allen / Agent
--------------------------------------
Robert Allen Bautista / Attorney-In-Fact
