IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT ALLEN BAUTISTA § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:24-cv-02593-D |
| § | |
| PRICEWATERHOUSECOOPERS LLP, § | |
| § | |
| Defendant. § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION(S)**

In response to Robert Allen Bautista's ("Plaintiff") various and additional Motion(s) to reopen this case, expand his claims, and resist arbitration, Defendant PricewaterhouseCoopers LLP ("Defendant") submits the following Response to Plaintiff's Motion to Amend Complaint (Dkt. 23); 3rd Motion to Amend Complaint (Dkt. 24); and Motion to Abate Arbitration Proceedings and Reopen the Case (Dkt. 25) (collectively, "Plaintiff's Motions"):

**I.
BACKGROUND AND PROCEDURAL HISTORY**

On October 15, 2024, Plaintiff filed suit against Defendant, claiming that Defendant was improperly withholding taxes from his paychecks in violation of a litany of federal statutes including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), criminal laws, and international doctrines after he unilaterally determined in 2024 that he was no longer a U.S. citizen. (Dkt. 3).

Since the Court granted Defendant's Unopposed Motion to Abate and Compel Arbitration on November 18, 2024 (Dkt. 8) and Arbitration Proceedings were initiated (JAMS Ref No.

5310001074), Plaintiff has filed *eight*[1] baseless pleadings, to which Defendant has responded. Plaintiff's previous Motions to Reopen the Case (Dkts. 9, 11, 12) have been fully briefed (Dkts. 15, 16) and are ripe for the Court's ruling. Plaintiff also subsequently filed a Motion for Leave to Amend his Original Complaint (Dkt. 17), which has also been fully briefed (Dkts. 21, 22) and is ripe for the Court's ruling.

Before the Court today, Plaintiff has two additional attempts to Amend his Complaint (collectively "Amended Complaints") (Dkts. 23, 24) and another Motion to Abate Arbitration Proceedings and Reopen the Case ("Motion to Reopen"), alleging a JAMS rules violation as a basis to yet again "reopen" the case in this Court. (Dkt. 25). The Court granted Defendant's request to respond to Plaintiff's Motions in one Response. (Dkt. 29). As with the earlier attempts to amend, Plaintiff's Amended Complaints were not filed in compliance with applicable rules. Additionally, he offers no legitimate basis to abandon arbitration and re-open his litigation in this Court.

Moreover, Plaintiff has been concurrently filing pleadings and correspondence in this Court and at JAMS, requiring Defendant to be actively litigating in two forums. Plaintiff's continuous filings in this Court have caused undue delay and prejudice to Defendant, and wasted judicial resources, frustrating the purpose of the Federal Arbitration Act. In addition to denying the relief sought in Plaintiff's Motions, Defendant respectfully requests the Court to enjoin Plaintiff from filing any more pleadings in this Court to allow for the Parties to litigate *only* in the proper forum—JAMS—pursuant to the Court's Order more than three months ago. (Dkt. 8).

---

[1] Dkts. 9, 10, 11, 12, 17, 23, 24, 25.

## II.
## ARGUMENTS AND AUTHORITIES

**A.     Defendant Objects to Plaintiff's Amended Complaints (Dkts. 23 & 24).**

Plaintiff's Amended Complaints are insufficient on numerous grounds. Plaintiff's Amended Complaints contravene the Local Rules of Civil Procedure 15.1(b) (requiring party to file a motion for leave when filing an amended pleading), 7.1(b) (describing required certificate of conference), 7.1(d) (requiring brief), and 10.1(d) (requiring numbered pages). Although Plaintiff is a pro se plaintiff, tendering leniency from the Court, it does not excuse Plaintiff's continuous blatant disregard for the rules of the Court. This is especially true since Plaintiff is well aware of the required filing for leave when seeking amendment of a pleading. Indeed, in Defendant's Response to Plaintiff's Motion(s) to Reopen the Case (Dkt. 15), Defendant objected to Plaintiff's filing an Amended Complaint (Dkt. 11) on the same grounds. Plaintiff's knowledge of the Local Rules is further evidenced by the fact that the next time he filed an amended pleading, he properly filed a Motion for Leave to file his Amended Complaint (Dkt. 17), though Plaintiff did fail to confer with Defendant's counsel prior to filing. Plaintiff is aware of the Local Rules filing requirements and has previously complied with them but has chosen to ignore them here. Defendant objects to Plaintiff's Amended Complaints and will respond to them if and when the Court requires a response.

**B.     Plaintiff has no basis to abate the arbitration proceedings and reopen his case in this Court.**

Conservatively, this is Plaintiff's fourth attempt to reopen this case. (Dkt. 9, 11, 12). Again, Plaintiff has no legal basis for reopening this case. As an initial matter, per the Arbitration Agreement, the arbitration proceedings are governed solely by JAMS rules. (Dkt. 7-1, Ex. B). In

Plaintiff's Motion to Reopen, he repeatedly cites to a violation of AAA rules as a ground for abating arbitration. AAA rules have no application in the Parties' arbitration proceedings in JAMS.

Plaintiff next cites to a violation of JAMS Employment Arbitration Rule 15(c) and the "arbitrary changes to dates and timelines" as his bases for abating the arbitration proceedings. The initial arbitrator strike and ranking list had a deadline of January 17, 2025. Defendant requested that JAMS stay the arbitration proceedings and/or extend its time to submit its strike and ranking list as it was awaiting rulings from the Court on Plaintiff's numerous Motions. (Dkt. 9, 10, 11, 12, 17, 21). On February 3, 2025, the JAMS Case Manager re-set the deadline to submit the strike and ranking list to February 10, 2025, stating that the Parties could raise their request to stay the arbitration proceeding with the arbitrator, once appointed. Plaintiff objected to this extension. The Case Manager responded to Plaintiff's objection and cited to JAMS Employment Arbitration Rule 15(c) as the basis for the extension. JAMS Employment Arbitration Rule 15(c) states, in full:

> Within seven (7) calendar days of service upon the Parties of the list of names, each Party may strike two (2) names in the case of a sole Arbitrator and three (3) names in the case of a tripartite panel, and shall rank the remaining Arbitrator candidates in order of preference. The remaining Arbitrator candidate with the highest composite ranking shall be appointed the Arbitrator. ***JAMS may grant a reasonable extension of the time to strike and rank the Arbitrator candidates to any Party without the consent of the other Parties.***

(emphasis added). Defendant complied and submitted its strike and ranking list by the new deadline, and JAMS subsequently appointed an arbitrator on February 19, 2025.

In his Motion to Reopen, Plaintiff cites to JAMS Rule 15(c), but conveniently leaves out the last sentence which states that "JAMS may grant a reasonable extension of the time to strike

---

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION(S)**                                    **PAGE 4**

and rank the Arbitrator candidates to any Party **without the consent of the other Parties**." (emphasis added). Defendant simply requested an extension, as it was (and still is) litigating this matter in two forums. Accordingly, the Case Manager granted a brief extension pursuant to JAMS Rules. Despite Plaintiff's assertions to the contrary, there has been no violation of JAMS Rules. This is yet another baseless attempt by Plaintiff to delay litigation of his claims in the proper forum: arbitration. This Court is not a sounding board to be used freely by Plaintiff whenever he seeks redress. This Court administratively closed the case on November 15, 2024, compelling it to arbitration. If Plaintiff seeks to amend his claims or has an issue with JAMS, he must take it up and file his motion with JAMS. As stated by the Supreme Court in *Smith v. Spizzirri*, No. 22-1218, slip op. at 6 (U.S. May 16, 2024), a party may only return to federal court **after** "such arbitration has been had in accordance with the terms of the agreement." (quoting 9 U.S.C. § 3). Only after the arbitrator renders a decision or fails to resolve the dispute, can Plaintiff seek relief in this Court. Pro se litigants "have no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Defendant has incurred significant costs and undue delay associated with responding to Plaintiff's numerous filings in this Court. Defendant is ready, willing, and able to proceed with arbitration, as ordered by this Court over three months ago. Defendant therefore respectfully requests that this Motion be denied.

### III.
### CONCLUSION

For these reasons, Defendant requests that the Court deny all of Plaintiff's outstanding pleadings, including the Motions, enjoin Plaintiff from filing additional pleadings in this Court until arbitration either renders a decision or fails to resolve the dispute, and impose a warning of monetary sanctions against Plaintiff in an amount the Court deems just if Plaintiff continues to file

frivolous pleadings and violate the applicable Rules. Defendant further requests such other relief as the Court deems appropriate.

>Respectfully submitted,
>
>*/s/ Kristin Snyder Higgins*
>KRISTIN SNYDER HIGGINS
>Texas State Bar No. 24046880
>kristin.higgins@ogletree.com
>NATALIE A. DARGENE
>Texas State Bar No. 24144213
>natalie.dargene@ogletree.com
>**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
>8117 Preston Road, Suite 500
>Dallas, TX 75225
>Telephone: (214) 987-3800
>Fax: (214) 987-3927
>
>**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

        I hereby certify that on March 6, 2025, a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

>*/s/ Kristin Snyder Higgins*
>Kristin S. Higgins