IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT ALLEN BAUTISTA, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:24-CV-2593-D |
| VS. § | |
| § | |
| PRICEWATERHOUSECOOPERS LLP, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this statistically closed lawsuit that arises from an employment dispute, the court on November 18, 2024 granted the unopposed motion of defendant PricewaterhouseCoopers LLP ("PWC") to abate and compel arbitration. Two days later, *pro se* plaintiff Robert Allen Bautista ("Bautista") filed the first of several motions seeking to overturn that order. The following motions are pending for decision: first motion to alter judgment; motion to reopen case; motion for leave to amend complaint; second motion to amend complaint; third motion to amend complaint; motion to abate arbitration proceedings and reopen the case and request for an order regarding the violation of AAA and JAMS rules by arbitrators; and motion for summary judgment. Because it is undisputed that Bautista's claims in this case are subject to mandatory, binding arbitration, which the court has already compelled, the court denies Bautista motions. The court's November 18, 2024 order stands.

I

On October 15, 2024 Bautista brought this lawsuit against his employer, PWC. Among other things, he alleges that PWC violated several federal statutes, including title VII of the Civil Rights Act of 1964 and various criminal statutes, by improperly classifying him as a U.S. citizen and withholding taxes from his paycheck. After PWC became aware of the lawsuit,[1] it notified Bautista that it intended to file a motion to compel arbitration based on an arbitration agreement ("Arbitration Agreement") that Bautista signed when he began his employment. Bautista indicated in response that the claims should proceed through arbitration. PWC then filed an unopposed motion to abate and compel arbitration, which the court granted on November 18, 2024.

After the court entered its November 18, 2024 order, PWC initiated arbitration proceedings. Two days later, Bautista filed the first of the seven motions at issue: an outline of legal violations, penalties, and damages, which Bautista docketed in the court's ECF system as a first motion to alter judgment. A few days later he filed an amended complaint,[2] and, on December 5, 2024, he filed a motion to reopen case ("first motion to reopen"). In the first motion to reopen, Bautista contends under Fed. R. Civ. P. 60(b) that he has uncovered additional evidence that further substantiates the fraudulent nature of PWC's actions and that PWC's "invocation of the arbitration clause . . . was an intentional act to

---

[1]PWC maintains that it was improperly served on October 25, 2024.

[2]PWC objects to the filing of the amended complaint.

shield their fraudulent conduct and to prevent these violations from being exposed in a court of law." P. Mot. (ECF No. 12) at 1-2. PWC responded to Bautista's pending motions, arguing, in pertinent part, that there is no legal basis for reopening the case, and that, in any event, the Arbitration Agreement is valid and must be enforced. In reply, Bautista stated that he

> is not opposed to arbitration and has agreed to arbitrate the disputes in this matter in good faith. However, Plaintiff objects to the automatic closure of the case based on Defendant's motion, as this action serves to shield Defendant from accountability for its fraudulent conduct.

P. Reply (ECF No. 16) at 1 (bold font omitted).

On December 21, 2024 Bautista filed a motion under Rule 15(a)(2) for leave to amend his complaint. PWC responded in opposition, arguing, in pertinent part, that the additional causes of action that Bautista seeks to add in his amended complaint are also subject to arbitration and that, in light of the court's order abating the case and compelling arbitration, the court should deny the motion. Bautista filed a second motion to amend his complaint on February 3, 2025 and a third motion to amend his complaint on February 10, 2025. On February 13, 2025 he filed a motion to abate arbitration proceedings and reopen the case ("second motion to reopen") and request for an order regarding the violation of AAA and JAMS rules by arbitrators. In its response in opposition, PWC contends that Bautista has offered no legitimate basis to abandon arbitration and reopen his litigation, and it seeks an order enjoining Bautista from filing any additional pleadings in this court. On March 7, 2025 Bautista filed a motion for summary judgment.

With the exception of Bautista's motion for summary judgment,[3] the pending motions are all ripe for decision, and the court is deciding them on the briefing, without oral argument.

II

The court considers together Bautista's first and second motions to reopen.

A

Section 2 of the Federal Arbitration Act ("FAA") provides that written agreements to arbitrate controversies arising out of an existing contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3-4).  "If there is a valid agreement to arbitrate, and there are no legal constraints that foreclose arbitration, the court must order the parties to arbitrate their dispute." *Celaya v. Am. Pinnacle Mgmt. Servs., LLC*, 2013 WL 4603165, at *2 (N.D. Tex. Aug. 29, 2013) (Fitzwater, C.J.).  Because of the strong presumption in favor of arbitration, the party opposing a motion to compel arbitration bears the burden of proving that the agreement is invalid or that the claims are outside the scope

---

[3]Under the court's local civil rules, PWC's response to Bautista's motion for summary judgment is due on March 28, 2025.  But because it is undisputed that all of Bautista's claims are subject to binding arbitration under the Arbitration Agreement, the court need not await a response before denying Bautista's motion for summary judgment.

of the agreement. *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004).

B

Bautista does not dispute that the Arbitration Agreement is valid or that his claims fall within its scope. In fact, Bautista concedes that he "is not opposed to arbitration and has agreed to arbitrate the disputes in this matter." P. Reply (ECF No. 16) at 1 (bold font omitted); *see also* P. Reply (ECF No. 31) at 1 ("Plaintiff has never been opposed to arbitration but only seeks to ensure that it is conducted fairly and in compliance with applicable rules." (bold font omitted)).

To the extent that Bautista's motions ask the court to simultaneously compel arbitration and, at the same time, retain jurisdiction to "[a]llow the case to proceed in this Court should arbitration fail to resolve the dispute," P. Reply (ECF No. 16) at 3, the court has already done this in its November 18, 2024 order, which stays[4] this lawsuit "pending the resolution of the arbitration of this matter," and directs the clerk of court to close the case "for statistical purposes,"[5] without prejudice to reopening it upon request. Order (ECF No.

---

[4]Although the court's order, which was drafted and submitted to the court by PWC, uses the term "abate," it effectively operates as a stay in the sense that it temporarily suspends the legal proceedings but does not conclusively terminate them. *See Smith v. Spizzirri*, 601 U.S. 472, 477 (2024) ("[A]t the time of the enactment of the FAA, [the] term ['stay'] denoted the 'temporary suspension' of legal proceedings, not the conclusive termination of such proceedings." (citation omitted)).

[5]A statistical closure order is an administrative directive that marks a case as closed in the court's records while it is "temporarily active elsewhere . . . such as before an arbitration panel." *Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167 (5th Cir. 2004).

8) at 1.  By staying the case, the court has "ensure[d] that the parties can return to federal court if arbitration breaks down or fails to resolve the dispute." *Smith v. Spizzirri*, 601 U.S. 472, 477 (2024) .  As the Supreme Court recently explained,

> staying rather than dismissing a suit comports with the supervisory role that the FAA envisions for the courts.  The FAA provides mechanisms for courts with proper jurisdiction to assist parties in arbitration by, for example, appointing an arbitrator, *see* 9 U.S.C. § 5; enforcing subpoenas issued by arbitrators to compel testimony or produce evidence, *see* § 7; and facilitating recovery on an arbitral award, *see* § 9.  Keeping the suit on the court's docket makes good sense in light of this potential ongoing role, and it avoids costs and complications that might arise if a party were required to bring a new suit and pay a new filing fee to invoke the FAA's procedural protections.

*Spizzirri*, 601 U.S. at 478.

C

To the extent that Bautista requests in his second motion to reopen that the court "abate" the arbitration proceedings based on the arbitrators' alleged violations of AAA and JAMS rules,[6] the FAA does not permit what Bautista requests.

---

An administrative closure order is "not a dismissal or final decision." *S. La. Cement, Inc. v. Van Aalst Bulk Handling, B.V.*, 383 F.3d 297, 302 (5th Cir. 2004).  Instead, "[t]he effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket; *i.e.*, administratively closed cases are not counted as active."  *Mire*, 389 F.3d at 167 (citation omitted).

[6]Bautista argues that the arbitration panel violated JAMS Employment Arbitration Rule 15(c) by permitting PWC to continue in the ranking process, even though it failed to submit its rankings within the required seven-day period and "violated its own rules by arbitrarily changing deadlines and timelines for the arbitration proceedings without the consent of the parties."  P. Mot. (ECF No. 25) at 2.

"Under the FAA, jurisdiction by the courts to intervene into the arbitral process prior to issuance of an award is very limited."[7] *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 486 (5th Cir. 2002) (citing *Larry's United Super, Inc. v. Werries*, 253 F.3d 1083, 1085 (8th Cir. 2001)). "Even if some default occurs in the arbitral process, courts may not intervene 'beyond the determination as to whether an agreement to arbitrate exists and enforcement of that agreement.'" *Salas v. GE Oil & Gas*, 857 F.3d 278, 280 (5th Cir. 2017) (quoting *Gulf Guar. Life Ins.*, 304 F.3d at 487); *see also Gulf Guar. Life Ins.*, 304 F.3d at 487 ("[T]his court follows the rule by which challenges to the procedural aspects of arbitration are for the arbitrator to decide, while challenges to the substantive arbitrability of disputes are for the courts to decide."). A federal district court has no authority to entertain challenges that "essentially go to the procedure of arbitration, specifically the arbitrator selection process, and to the alleged unfairness of that process . . . prior to issuance of the arbitral award." *Id*. at 488.

To the extent that Bautista requests that "the Court intervene to correct procedural deficiencies that are undermining his ability to pursue his claims" and "protect Plaintiff's fundamental rights to a fair hearing," P. Reply (ECF No. 31) at 5, it is clearly established in

---

[7] 9 U.S.C. § 5 does permit a court to intervene in three limited circumstances: "(1) if the arbitration agreement does not provide a method for selecting arbitrators; (2) if the arbitration agreement provides a method for selecting arbitrators but any party to the agreement has failed to follow that method; or (3) if there is a lapse [of time] in the naming of an arbitrator or arbitrators." *BP Expl. Libya Ltd. v. ExxonMobil Libya Ltd.*, 689 F.3d 481, 491 (5th Cir. 2012) (internal quotation marks omitted). But under § 5, the district court only has the authority to "designate and appoint an arbitrator or arbitrators or umpire, as the case may require." 9 U.S.C. § 5. It does not permit the court to "abate" the arbitration.

this circuit that these types of "'procedural' questions which grow out of the dispute and bear on its final disposition" are decided by the arbitrator rather than by the court. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002).

As stated above, there is no dispute regarding the arbitrability of Bautista's claims. *See* P. Reply (ECF No. 16) at 1; P. Reply (ECF No. 31) at 1. And because the court has no authority to intervene to correct alleged procedural deficiencies in the arbitration, the court denies Bautista's motions to reopen.

D

The court also denies Bautista's pending motion for summary judgment. Because it is undisputed that all of Bautista's claims are subject to valid, binding arbitration, Bautista cannot seek relief in this court through a motion for summary judgment. *See* 9 U.S.C. § 3. Accordingly, the court denies Bautista's motion.

III

The court next addresses Bautista's motions for leave to amend his complaint.

A

Rule 15(a) governs timely-filed motions for leave to amend a pleading. Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Garcia v. Zale Corp.*, 2006 WL 298156, at *1 (N.D. Tex. Feb. 1, 2006) (Fitzwater, J.) (quoting *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971)). Granting leave to amend, however, "is by no means automatic."

*Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981)). In deciding whether to grant leave to amend, the court may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* (citing cases).

B

Bautista moves for leave to amend his complaint "to include additional claims, provide clarification of legal theories, . . . correct minor errors[, and] refine certain factual allegations for greater clarity and completeness." P. Mot. (ECF No. 17) at 1. PWC opposes Bautista's attempts to amend, contending, in pertinent part, that "all of [the claims he seeks to add] are also subject to arbitration . . . and therefore futile in this forum." D. Br. (ECF No. 21) at 2. The court agrees.

Although it does not appear that the Fifth Circuit has addressed the issue, other courts have found that where the new or revised claims that a party seeks to add by amendment are subject to a binding arbitration agreement, the proposed amendment is futile. *See, e.g., Halliburton & Assocs., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 445 (11th Cir. 1985) ("The claims contained in the [amended] complaint are subject to the parties' agreement to arbitrate[.] Accordingly, the amendment was futile, and the district court did not abuse its discretion in denying leave, compelling arbitration and staying its own proceedings."); *Newton v. LVMH Moet Hennessy Louis Vuitton Inc.*, 746 F.Supp.3d 135, 160 (S.D.N.Y.

2024) ("Proposed amendments may be futile if they . . . would add claims subject to a binding arbitration agreement." (citation omitted)); *Slough v. Legacy Home Health Agency, Inc.*, 2021 WL 3367816, at *1 (S.D. Tex. Aug. 3, 2021) (dismissing claims based on binding arbitration agreement and noting that "even considering the proposed amended complaint, the disputes are subject to arbitration, and amendment would be futile."); *Lionheart Project Logistics, Inc. v. BBC Chartering USA, LLC*, 2011 WL 3739065, at *5 n.2 (S.D. Tex. Aug. 24, 2011) (compelling arbitration and denying as futile a motion for leave to file an amended complaint because claims in proposed amended complaint fell within scope of arbitration clause).

Bautista does not dispute that *all* of his claims, including those that he proposes to add in his amended complaint, are subject to binding arbitration under the Arbitration Agreement. Accordingly, the court finds that the proposed amendments are futile and denies Bautista's motions for leave to amend.[8]

---

[8]As PWC points out, under the Arbitration Agreement, the arbitration proceedings are governed solely by the JAMS Employment Arbitration Rules & Procedures ("JAMS Rules"). D. App. (ECF No. 7-1) at Ex. A. JAMS Rule 10 sets out the procedures for changing claims:

> After the filing of a claim and before the Arbitrator is appointed, any Party may make a new or different claim against a Party or any third Party that is subject to Arbitration in the proceeding. Such claim shall be made in writing, filed with JAMS and served on the other Parties. Any response to the new claim shall be made within fourteen (14) calendar days after service of such claim. After the Arbitrator is appointed, no new or different claim may be submitted, except with the Arbitrator's approval. A Party may request a hearing on this issue. Each Party has the right to respond to any new or amended claim in accordance

IV

In its March 6, 2025 consolidated response, PWC requests that the court enjoin Bautista "from filing any more pleadings in this Court to allow for the Parties to litigate *only* in the proper forum—JAMS—pursuant to the Court's Order more than three months ago." D. Br. (ECF No. 30) at 2. Because the court is today denying Bautista's seven motions and enforcing its November 18, 2024 order, the court declines at this point to enter the order that PWC requests. But in doing so, the court reiterates that, under 9 U.S.C. § 3, this court is without authority to take any action in this case until after the arbitration proceedings have concluded. Accordingly, there should be no reason for Bautista to file any additional motions while the case is stayed and the arbitration process is proceeding.

\* \* \*

Accordingly, for the reasons explained, the court denies Bautista's first motion to alter judgment, motion to reopen case, motion for leave to amend complaint, second motion to amend complaint, third motion to amend complaint, motion to abate arbitration proceedings and reopen the case and request for an order regarding the violation of AAA and JAMS rules

---

with Rule 9(c) or (d).

https://www.jamsadr.com/rules-employment-arbitration/english (last visited March 27, 2025).

- 11 -

by arbitrators, and motion for summary judgment.

**SO ORDERED**.

March 27, 2025.

                                              SIDNEY A. FITZWATER
                                              SENIOR JUDGE