IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROBERT ALLEN BAUTISTA** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:24-cv-02593-D |
| | § | |
| **PRICEWATERHOUSECOOPERS LLP,** | § | |
| | § | |
| **Defendant.** | § | |

### DEFENDANT'S MOTION FOR CLARIFICATION AND, IN THE ALTERNATIVE, FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION [DKT. NO. 34]

Defendant PricewaterhouseCoopers LLP ("Defendant") moves for clarification and, in the alternative, an extension of time to file its Response to Plaintiff's Motion Regarding the Formal Objection to Arbitrability and Request for Relief (the "Motion") [Dkt. 34], and in support of this motion states:

1. On March 27, 2025, this Court issued a Memorandum Opinion and Order ("Order") re-affirming its prior Order compelling this matter to arbitration. [Dkt. 33]. In doing so, the Court stated, "it is undisputed that Bautista's claims in this case are subject to mandatory, binding arbitration," noting that "Bautista does not dispute that the Arbitration Agreement is valid or that his claims fall within its scope." [Dkt. 33 at p. 1, 5]. Furthermore, the Court cited to authority for the proposition that "jurisdiction by the courts to intervene into the arbitral process prior to issuance of an award is very limited," explaining that a court's involvement in the arbitral process does not go "beyond the determination as to whether an agreement to arbitrate exists and enforcement of that agreement." [Dkt. 33 at p. 7] (internal quotations omitted). Accordingly, the Court stated, "there should be no reason for Bautista to file any additional

motions while the case is stayed and the arbitration process is proceeding." [Dkt. 33 at p. 11]. As described below, Plaintiff did not comply.

2.   During the JAMS arbitration process, the Arbitrator provided Plaintiff with numerous opportunities to amend his demand for arbitration and object to the Arbitrator's authority and jurisdiction. Plaintiff failed to comply with the Arbitrator's orders, prompting the Arbitrator to hold a Show-Cause Hearing on May 19, 2025, in which the Arbitrator ordered Plaintiff to show cause why the arbitration proceeding should not be dismissed with prejudice for want of prosecution.

3.   However, in the days leading up to this Show-Cause Hearing, Plaintiff filed the operative Motion in this Court on May 12, 2025, purportedly objecting to the arbitrability of certain claims, most of which had not actually been alleged in any prior pleading.

4.   After the Show-Cause Hearing on May 19, 2025, the Arbitrator issued a Final Award on May 20, 2025 ("Final Award"), dismissing all claims against Defendant with prejudice for want of prosecution, noting that "[a]n agreement to arbitrate does not authorize one party to torment all other participants with frivolous and abusive behavior." (*See* Exhibit A at p. 15).

Pursuant to the Court's Order, Defendant is under the impression that a Response to Plaintiff's Motion is not required; and further, the Motion is moot in light of the Final Award. Therefore, Defendant respectfully requests the Court issue an Order confirming no response to the Motion is necessary and denying the Motion as moot. In the alternative, if the Court disagrees, Defendant requests the Court issue an Order granting it twenty-one (21) days from the issuance of the Order requiring a response to Plaintiff's Motion. Defendant intends to preserve all arguments in response to the Motion, if necessary.

Respectfully submitted,

*/s/ Kristin Snyder Higgins*
KRISTIN SNYDER HIGGINS
Texas State Bar No. 24046880
kristin.higgins@ogletree.com
NATALIE A. DARGENE
Texas Bar No. 24144213
natalie.dargene@ogletrees.com
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
8117 Preston Road, Suite 500
Dallas, TX 75225
Telephone: (214) 987-3800
Fax: (214) 987-3927 (Fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

Because the relief sought involves clarification from the Court in the first instance, Defendant's counsel did not confer with Plaintiff regarding the relief sought in this Motion.

*/s/ Kristin Snyder Higgins*
Kristin S. Higgins

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record and to Plaintiff.

*/s/ Kristin Snyder Higgins*
Kristin S. Higgins