IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT ALLEN BAUTISTA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-cv-02593-D |
| | § | |
| PRICEWATERHOUSECOOPERS LLP, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO CONFIRM ARBITRATION AWARD

Defendant PricewaterhouseCoopers LLP ("Defendant") submits this reply in support of its Motion to Confirm Arbitration Award (ECF No. 40), requesting this Court enter an order (1) confirming the arbitration award, dated May 20, 2025 (the "Final Award"), issued by the arbitrator, Michael Massengale, in the matter of *Robert Allen Bautista v. PricewaterhouseCoopers LLP* before JAMS, bearing Ref No. 5310001074 and (2) dismissing Plaintiff Robert Allen Bautista's ("Plaintiff") claims with prejudice in accordance with the arbitration award, and respectfully shows as follows.[1]

### I. PROCEDURAL HISTORY[2]

Plaintiff filed his Original Complaint ("Complaint") on October 15, 2024, alleging, among other things, that Defendant, his employer, was improperly withholding taxes from his paychecks in violation of a litany of federal statutes including Title VII of the Civil Rights Act of 1964, criminal laws, and international doctrines after he unilaterally determined in 2024 that he

---

[1] Also pending before the Court is Plaintiff's Motion to Vacate Arbitration Award (ECF No. 39), and Defendant's Response to Plaintiff's Motion to Vacate Arbitration Award (ECF No. 42), Defendant incorporates its arguments set forth in its Response to Plaintiff's Motion to Vacate Arbitration Award (ECF No. 42) as though fully laid out herein.

[2] For a more comprehensive recitation of the procedural history in this case, Defendant refers the Court to its Response to Plaintiff's Motion to Vacate Arbitration Award. *See* (ECF No. 42) at 2–6.

was no longer a U.S. citizen. (ECF No. 3). Pursuant to the parties' mutual Arbitration Agreement ("Agreement") and this Court's November 18, 2024 order compelling arbitration (ECF No. 8), Defendant initiated Arbitration Proceedings in JAMS (JAMS Ref No. 5310001074) and, in February 2025, Michael Massengale was named as Arbitrator. Immediately, Plaintiff began filing pleadings referencing versions of his name with a trademark symbol, as an "agent," as a "sole proprietorship," in the context of a trust, and/or as an "attorney-in-fact," and qualifying every signed document as "WITHOUT RECOURSE WITHOUT PREJUDICE."

Arbitrator Massengale afforded Plaintiff repeated opportunities to correct his pleadings to assert claims in his own name and individual capacity. Plaintiff repeatedly failed to comply. As a result, Arbitrator Massengale, with the consent of both parties, ordered a Show Cause Hearing on May 19, 2025. Arbitrator Massengale ordered Plaintiff to show cause as to why his claims should not be dismissed with prejudice for want of prosecution, for failing to assert claims in his own name and individual capacity. Plaintiff did not offer any evidence as to why his claims could be asserted against Defendant under the names of a purported agent, sole proprietorship, attorney-in-fact, and/or private trust. *See* (ECF No. 43 App. 25, 18:18–20:22, Ex. B). Rather, Plaintiff chose to spend his time reading from the previous filings Arbitrator Massengale already deemed deficient. *See* (ECF No. 43 App. 25, 18:18–23, Ex. B). On May 20, 2025, Arbitrator Massengale issued a Final Award. *See* (ECF No. 41 App. 20–37, Ex. B).

The Final Award dismissed the following claims with prejudice:

- 18 U.S.C. § 1595;
- Discrimination, harassment, retaliation, and wrongful discharge claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Americans with Disabilities Act, and "other applicable civil rights statutes";
- "[F]ailure to pay owed compensation and benefits";
- Breach of fiduciary duty;

- "[V]iolation of the Texas Payday Law (Texas Labor Code, Chapter 61)";
- "[V]iolation of the Texas Debt Collection Act";
- "[V]iolation of the Fair Labor Standards Act";
- "[F]ailure to administer rightfully owed deposits";
- "Tier 3 civil money penalties under the Federal Reserve Act";
- "[L]egal malpractice";[3] and
- "[A]ll issues submitted for decision in this proceeding."

*See* (ECF No. 41 App. 36, Ex. B).

For the same reasons set forth herein and in Defendant's Response to Plaintiff's Motion to Vacate (ECF No. 42), Plaintiff's Motion to Confirm should be granted.

## II.     ARGUMENTS AND AUTHORITIES

### A.     Standard of Review

Any party to the arbitration may apply to the court of competent jurisdiction for an order confirming the award within one year after the award is made. 9 U.S.C. § 9. "[U]nless the [arbitration] award is vacated . . . the court must grant [an order confirming the award]." *Id*. Arbitrator Massengale issued the Final Award on May 20, 2025. *See* (ECF No. 41 App. 36, Ex. B). Thus, unless this Court grants Plaintiff's Motion to Vacate—which it should not—the Court must grant Defendant's Motion to Confirm.

### B.     Plaintiff's Bases for Vacatur are Meritless

Plaintiff's Response to Defendant's Motion to Confirm doubles down on his attempt to obfuscate his claims and the party(ies) through whom he asserts the claims. Indeed, Plaintiff does not even attempt to address the underlying reasoning for Arbitrator Massengale's Show Cause Hearing and subsequent entry of a Final Award. As stated in the Final Award and in Defendant's

---

[3] Plaintiff argues that Arbitrator Massengale "ignored" Plaintiff's Notice of Assessment filing. (ECF No. 44) at 3. This is false. Arbitrator Massengale explicitly dismissed Plaintiff's legal malpractice claim as it relates to his contention that Defendant's counsel engaged in legal malpractice by purportedly failing to convey an offer of settlement to Defendant.

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO CONFIRM ARBITRATION AWARD  Page 3**

Response to Plaintiff's Motion to Vacate, Plaintiff refused to bring his claims in his own name and in his individual capacity—the party to which the Arbitration Agreement is binding. Plaintiff was ordered to show cause why his claims should not be dismissed with prejudice for want of prosecution. Rather than addressing the basis for the Final Award, Plaintiff chooses to focus on Arbitrator Massengale's alleged "dismissive tone" pertaining to Plaintiff's purportedly asserted SOX whistleblower claim and joinder of third-party Benefits Connect during the Show Cause Hearing. *See* (ECF No. 39); (ECF No. 44). Even in his Declaration filed in support of his Response in Opposition to Defendant's Motion to Confirm, Plaintiff continues to hide behind purported agents and trusts not parties to the underlying Arbitration Agreement.[4]

As described in more detail below, Plaintiff's contentions are meritless and do not warrant vacatur.

    1.    *Plaintiff's arguments have no effect on the outcome of the Final Award*

The Final Award does not address Plaintiff's purported SOX or joinder claim[5] because, simply, such claims were never asserted.[6] The first mention of SOX and Benefits Connect did not occur until *after* Arbitrator Massengale ordered the Show Cause Hearing. (*See* ECF No. 44) at 8. JAMS Employment Arbitration Rule 10 clearly sets out the procedures for changing claims:

---

[4] In Plaintiff's "Declaration for Robert Allen Bautista™" ("Declaration") (ECF No. 44-1), filed in support of his Response in Opposition to Defendant's Motion to Confirm Arbitration Award (ECF No. 44), he states "I am the Plaintiff in the above-captioned matter." (ECF No. 44-1) at 2. In his Declaration, Plaintiff identifies himself in the caption as "Robert Allen Bautista™." (ECF No. 44-1) at 1. This is different from how he has previously identified himself. *See, e.g.*, Plaintiff's Motion to Reopen Case (ECF No. 12) at 1 ("Robert Allen Bautista®"); Plaintiff's Amended Complaint (ECF No. 11) at 1 ("Robert Allen Bautista"). All of the Court's rulings have identified Plaintiff as "Robert Allen Bautista" in his individual capacity. *See* (ECF Nos. 8, 33, 38). This is a clear example of what Arbitrator Massengale based his Final Award on: Plaintiff's failure to bring claims in his own name and in his individual capacity. Plaintiff has submitted multiple pleadings in this Court under different purported trademarks, registered trademarks, agents, and trusts.

[5] Plaintiff did not assert a claim against Benefits Connect.

[6] It was not until Arbitrator Massengale ordered the Show Cause Hearing that Plaintiff mentioned a claim under SOX. Even if Plaintiff had properly amended to raise a SOX claim, that attempt would fail. *See, e.g.*, *Christopher v. Mobil Oil Corp.*, 149 F.R.D. 539, 546 (E.D. Tex. 1993) ("A party should not be allowed to amend its complaint, after months of undue delay, for the sole purpose of pleading around an adverse summary judgment disposition.").

---

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO CONFIRM ARBITRATION AWARD  Page 4**

"After the Arbitrator is appointed, no new or different claim may be submitted, except with the Arbitrator's approval."[7] Plaintiff did not seek, and Arbitrator Massengale did not give Plaintiff approval to add parties or assert additional claims. And that was not the purpose of the Show Cause Hearing.[8]

Plaintiff has again failed to show that the alleged actions of Arbitrator Massengale evidence related to a purported SOX claim or the joinder of Benefits Connect as a respondent was *material* to his actual claims in the arbitration. *See La. Dep't of Nat. Res. v. FEMA*, 710 F. App'x 211, 213 (5th Cir. 2018) ("Vacatur, however, is warranted when the panel refuses to hear *material*, not just any, evidence." (emphasis in original)). Nor has Plaintiff explained how consideration of the Proof of Separate Entities document might have altered the outcome of Arbitrator Massengale's Final Award. *See Laws v. Morgan Stanley Dean Witter*, 452 F.3d 398, 400 (5th Cir. 2006) ("Absent even a representation that the materials produced on the eve of arbitration were important to his case or that a continuance might have altered the outcome of the arbitration, we cannot conclude that [plaintiff] was deprived of a fair hearing."). Allowing Benefits Connect to be joined as a third-party respondent or allowing Plaintiff's purported SOX claim would not alter or change the Final Award as it does not resolve the issue of Plaintiff's failure to assert claims in his own name. Thus, Plaintiff's contentions do not affect the Court's ability to confirm the Final Award.

---

[7] https://www.jamsadr.com/rules-employment-arbitration/english#Rule-10 (last visited July 21, 2025).

[8] Plaintiff's mentioning a SOX claim or adding a party in response to a court's order does not suffice for a proper pleading. "[A] claim for relief" must be made through a pleading, and a response to a motion is not among the "pleadings [that] are allowed" under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a), 7(a); *see, e.g., Klaizner v. Countrywide Fin.*, No. 2:14-CV-1543 JCM (PAL), 2015 WL 627927, at *10 (D. Nev. Feb. 12, 2015) ("All claims for relief must be contained in a pleading. A response to a motion is not a pleading and it is improper for the court to consider causes of action not contained in the pleadings." (citations omitted)).

### 2. Plaintiff's rights were not prejudiced

Arbitrator Massengale provided repeated opportunities for Plaintiff to proceed with his numerous and growing claims against Defendant in his individual/personal capacity and Plaintiff refused. Indeed, by way of at least two orders, Arbitrator Massengale, in detail, pointed out the deficiencies in Plaintiff's pleadings and how to correct the deficiencies. But Plaintiff ignored Arbitrator Massengale's orders.

The arbitrator is not bound to hear all of the evidence tendered by the parties; but rather, must give each of the parties to the dispute an adequate opportunity to present its evidence and argument. *Householder Grp. v. Caughran*, 354 F. App'x 848, 852 (5th Cir. 2009). "Arbitration awards will not be set aside due to the arbitrator's refusal to hear evidence unless the exclusion of the contested evidence prevented the parties from receiving a fundamentally fair hearing." *Weber v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 455 F. Supp. 2d 545, 554 (N.D. Tex. 2006) (quoting *Castleman v. AFC Enters., Inc.*, 995 F. Supp. 649, 653 (N.D. Tex. 1997)).

Again, the purpose of the Show Cause Hearing was for Plaintiff to put on evidence to show that his claims should not be dismissed for want of prosecution for failing to bring claims in his own name and in his individual capacity. Arbitrator Massengale made this clear at the Scheduling Conference on April 30, 2025, in Orders No. 3 and 4, and at the outset of the Show Cause Hearing. Instead, Plaintiff chose to spend his time reading from his previous filings which were already deemed deficient as it related to Plaintiff's burden to "show cause." Arbitrator Massengale pointed this out to Plaintiff and repeatedly asked if he had any new evidence to present. Plaintiff did not. Thus, Plaintiff did not meet his burden at the Show Cause Hearing.

Moreover, Plaintiff again argues that Arbitrator Massengale exceeded his powers by issuing the Final Award while Plaintiff's *improperly-filed* First Motion to Stay Arbitration

(ECF No. 34) was pending in this Court. As stated by this Court when denying Plaintiff's Motion, Plaintiff prematurely sought relief and was instructed to wait until *after* a final award had been entered. (ECF No. 38). Accordingly, Arbitrator Massengale did not exceed his powers or prejudice Plaintiff in issuing the Final Award before the Court denied Plaintiff's Motion.

For all the reasons stated herein and in Defendant's Response to Plaintiff's Motion to Vacate Arbitration Award (ECF No. 42), Plaintiff's Motion to Vacate (ECF No. 39) should be denied and Defendant's Motion to Confirm the Arbitration Award (ECF No. 40) should be granted.

### III.     CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Defendant PricewaterhouseCoopers LLP respectfully requests that the Court enter an order (1) confirming the May 20, 2025, arbitration award; (2) dismissing Plaintiff's claims against Defendant with prejudice; and (3) for any and all further relief to which Defendant is entitled.

Respectfully submitted,

*/s/ Kristin Snyder Higgins*
KRISTIN SNYDER HIGGINS
Texas State Bar No. 24046880
kristin.higgins@ogletree.com
NATALIE A. DARGENE
Texas State Bar No. 24144213
natalie.dargene@ogletree.com
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
8117 Preston Road, Suite 500
Dallas, TX 75225
Telephone: (214) 987-3800
Fax: (214) 987-3927 (Fax)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 1, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record and to Plaintiff.

                                            */s/ Kristin Snyder Higgins*
                                            Kristin S. Higgins