IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT ALLEN BAUTISTA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:24-CV-2593-D |
| | § | |
| PRICEWATERHOUSECOOPERS LLP, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Robert Allen Bautista ("Bautista") moves to vacate an arbitration award and defendant PricewaterhouseCoopers LLP ("PWC") moves to confirm the award. For the reasons that follow, the court denies Bautista's motion and grants PWC's motion.

I

The relevant background facts of this case are largely set out in a prior memorandum opinion and order and need not be repeated at length for the purpose of deciding the motions at issue. *See Bautista v. PricewaterhouseCoopers LLP ("Bautista I")*, 2025 WL 936658, at *1 (N.D. Tex. Mar. 27, 2025) (Fitzwater, J.). In *Bautista I* the court granted PWC's unopposed motion to compel arbitration in accordance with the parties' arbitration agreement ("Arbitration Agreement") and ordered the parties to arbitrate the dispute.[1] On May 20, 2025

---

[1]After the court granted PWC's unopposed motion to compel arbitration, Bautista filed various motions seeking to overturn that order. In *Bautista I* the court denied seven of Bautista's motions, concluding that its order compelling arbitration remained in effect. *Bautista I*, 2025 WL 936658, at *5.

arbitrator Michael Massengale ("Massengale") issued a final award ("Award") dismissing with prejudice Bautista's claims for want of prosecution.

The Award describes the factual progression of the arbitration as follows:  At the preliminary conference, Bautista purported to represent himself in his individual capacity as well as in two distinct legal capacities, as a trust and an attorney-in-fact.  Bautista also declined to confirm consent to the resolution of all of his claims in the arbitration proceeding. Massengale ordered that Bautista and each claimant whom he purported to represent (i) identify and distinguish each intended claimant, and (ii) present all objections to the arbitrability of his claims while addressing the effect of the Arbitration Agreement and this court's order to arbitrate.  Massengale allowed Bautista to amend his arbitration demand accordingly, and Bautista filed an amended demand.  But Massengale determined that the amended demand did not comply with the order because it did not clearly identify Bautista in his individual capacity, which is the capacity in which he entered in the Arbitration Agreement, distinguish the other purported claimants, or address Bautista's objections to arbitrability in light of the Arbitration Agreement's terms and the court's order.  Massengale issued a second order, granting Bautista leave to withdraw and substitute his filings, and he warned Bautista that a failure to clearly identify himself in his individual capacity would result in his being ordered to show cause why his claims should not be dismissed for want of prosecution.  Bautista then filed a second amended demand that Massengale determined did not comply with his orders for similar reasons.

Massengale held a status conference in which he informed Bautista that his arguments

- 2 -

were frivolous and an abuse of the arbitration process. Massengale then held a show cause hearing in which he afforded Bautista a final opportunity to present new arguments and to agree to proceed in his individual capacity. At the show cause hearing, however, Bautista read from his previous submissions and continued to purport to represent multiple other persons or entities. Massengale, having concluded that he lacked authority and jurisdiction to join other claimants and that Bautista had repeatedly refused to comply with orders, dismissed Bautista's claims for want of prosecution.

Bautista now moves to vacate the Award under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10. PWC moves to confirm the award under FAA § 9.[2] The court is deciding the motions on the briefs, without oral argument.

## II

The court considers first Bautista's motion to vacate the Award.

## A

Bautista's motion to vacate the Award is governed by the standards of the FAA.[3] Review of an arbitration award is "exceedingly deferential." *Cooper v. WestEnd Cap. Mgmt., L.L.C.*, 832 F.3d 534, 544 (5th Cir. 2016) (quoting *Rain CII Carbon, LLC v.*

---

[2]Bautista seeks leave to file a surreply in opposition to PWC's motion to confirm. Without considering PWC's opposition to that motion, the court denies the motion as moot because, even if the court considered the surreply, doing so would not alter the court's decision. *See, e.g.*, *Samurai Glob., LLC v. Landmark Am. Ins. Co.*, 2024 WL 1837960, at *2 n.3 (N.D. Tex. Apr. 26, 2024) (Fitzwater, J.).

[3]The Arbitration Agreement states that "[t]his Agreement shall be governed by the FAA . . . ." D. App. (ECF. No. 41) at 17.

*ConocoPhillips Co.*, 674 F.3d 469, 471-72 (5th Cir. 2012)).  The standard "has been described as 'among the narrowest known to the law.'"  *Mantle v. Upper Deck Co.*, 956 F. Supp. 719, 726 (N.D. Tex. 1997) (Fitzwater, J.) (quoting *ARW Expl. Corp. v. Aguirre*, 45 F.3d 1455, 1462 (10th Cir. 1995)).  "The court may not vacate the [arbitrator's] award based on mere errors in interpretation or application of the law, or mistakes in factfinding."  *Id.* (citing *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)); *see also Pfeifle v. Chemoil Corp.*, 73 Fed. Appx. 720, 722 (5th Cir. 2003).  Rather, § 10(a) of the FAA sets forth the exclusive grounds for vacatur.  *Citigroup Glob. Mkts., Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009).  The court may vacate an award only:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).  "The burden of proof is on the party seeking to vacate the award, and any doubts or uncertainties must be resolved in favor of upholding it."  *Cooper*, 832 F.3d at 544 (citation omitted).

- 4 -

B

Bautista contends that Massengale refused to consider Bautista's objections to the arbitrability of some of his claims and acknowledge his request to represent other claimants. He moves to vacate the award on the following grounds: (i) the award was procured by fraud and undue means; (ii) Massengale displayed evident partiality; (iii) Massengale engaged in misconduct; (iv) Massengale exceeded his powers; and (v) the proceedings violated this court's authority and due process, subjected Bautista to ongoing systemic prejudice, and obstructed his rights. PWC responds that Bautista's grounds for vacatur are meritless. It maintains that Massengale decided questions of arbitrability in accordance with the Arbitration Agreement, reviewed all documents that Bautista submitted, and properly dismissed Bautista's claims for want of prosecution.

C

Bautista maintains that Massengale engaged in fraud or undue means.

1

"Under the FAA, '[f]raud requires a showing of bad faith during the arbitration proceedings, such as bribery, undisclosed bias of an arbitrator, or willfully destroying or withholding evidence.'" *Guardian Flight, L.L.C. v. Med. Evaluators of Tex. ASO, L.L.C.*, 140 F.4th 613, 621 (5th Cir. 2025) (alteration in original) (citation omitted). Similarly, "[u]ndue means connotes behavior that is immoral if not illegal." *Id.* (internal quotation marks and citation omitted).

- 5 -

2

Bautista has not demonstrated that the Award was procured by fraud or undue means. Bautista's assertion that Massengale suppressed material evidence, "including financial documents and claims against additional relevant parties," P. Br. (ECF No. 39), reflects a disagreement about the permissibility Bautista's attempted joinder of other claimants and the arbitrability of his claims, not fraud or undue means. Massengale stated at the show cause hearing that he had reviewed the documents that Bautista submitted, including the documents titled "Formal objection to arbitrability of certain claims" and "Proof of separate entities." Tr. (ECF No. 39-1) 4:25-5:06. The fact that Massengale was not persuaded by the documents that Bautista submitted is not equivalent to withholding evidence.

Accordingly, the court declines to vacate the award on the basis of fraud or undue means.

D

Bautista also seeks vacatur on the basis that Massengale displayed evident partiality.

1

A party seeking vacatur based on allegations that an arbitrator displayed actual bias at arbitration proceedings "must establish that a reasonable person would have to conclude that the arbitrator was partial to one party." *Weber v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 455 F.Supp.2d 545, 550 (N.D. Tex. 2006) (Fitzwater, J.) (cleaned up). This is an "onerous burden." *Id.* (citation omitted). The party asserting evident partiality "must produce specific facts and the alleged partiality must be 'direct, definite, and capable of

demonstration rather than remote, uncertain, or speculative.'" *Mantle*, 956 F. Supp. at 729 (quoting *Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co.*, 991 F.2d 141, 146 (4th Cir. 1993). "Mere appearance of bias is insufficient." *Mai v. Art Inst. of Dall. Aii, LLC*, 2023 WL 5586464, at *3 (N.D. Tex. Sept. 14, 2023) (Fitzwater, J.), *appeal dism'd sub nom. Mai v. Art Inst. of Dall. Aii, L.L.C.*, 2023 WL 10950687 (5th Cir. Dec. 20, 2023). "Even repeated rulings against one party to the arbitration will not establish bias absent some evidence of improper motivation." *Weber*, 455 F.Supp.2d at 550 (quoting *Sheet Metal Workers Int'l Ass'n Loc. Union # 420 v. Kinney Air Conditioning Co.*, 756 F.2d 742, 746 (9th Cir.1985)).

2

Bautista has not met his onerous burden. He alleges that Massengale displayed evident partiality in refusing to consider his objections to the arbitrability of his claims and otherwise acting with bias in favor of PWC. But the Award and show cause hearing transcript reflect that Massengale did review the documents that Bautista submitted and determined that his objections lacked merit given the terms of the Arbitration Agreement. *See Mai*, 2023 WL 5586464, at *3 ("An arbitrator's decision not to credit a party's arguments and evidence is not reviewable.").

Massengale also gave Bautista ample opportunities to make his arguments. Massengale twice granted Bautista leave to amend or substitute his demand for arbitration to identify each claimant he purported to represent and name himself in his individual capacity. And at the show cause hearing, Massengale gave Bautista another opportunity to present new arguments and evidence in support of his contentions, but Bautista instead

referred to documents he had previously submitted. Massengale dismissed Bautista's claims, not due to improper motivation, but because Bautista did not comply with Massengale's orders to proceed in his individual capacity.[4]

Accordingly, the court declines to vacate the Award on the basis of evident partiality.

E

Bautista also alleges that Massengale engaged in arbitrator misconduct.

1

"To constitute misconduct requiring vacat[ur] of an award, an error in the arbitrator's determination must be one that is not simply an error of law, but which so affects the rights of a party that it may be said that he was deprived of a fair hearing." *Rainier DSC 1, L.L.C. v. Rainier Cap. Mgmt., L.P.*, 828 F.3d 362, 364 (5th Cir. 2016) (quoting *Laws v. Morgan Stanley Dean Witter*, 452 F.3d 398, 399 (5th Cir. 2006)). "Every failure of an arbitrator to receive relevant evidence does not constitute misconduct . . . . A federal court may vacate an arbitrator's award only if the arbitrator's refusal to hear pertinent and material evidence prejudices the rights of the parties to the arbitration proceedings." *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 301 (5th Cir. 2004).

---

[4]To the extent that Bautista alleges that Massengale otherwise "exhibited evident partiality through dismissive conduct, biased statements, and selective application of the law," P. Br. (ECF No. 39) at 2, these allegations are "remote, uncertain, [and] speculative." *Mantle*, 956 F. Supp. at 729.

2

Bautista has not shown that Massengale engaged in misconduct warranting vacatur. He again asserts that Massengale refused to consider evidence. But the court has already determined that Massengale did consider the documents that Bautista submitted. Even assuming *arguendo* that Massengale failed to consider some evidence, Bautista has not shown that he was prejudiced by this alleged failure such that he was deprived of a fair hearing. *See Rainier*, 828 F.3d at 364 (5th Cir. 2016). Bautista has not shown that any of the evidence that Massengale allegedly refused to consider would have materially changed the outcome of the arbitration, particularly given the fact that the Award rested on Bautista's failure to comply with Massengale's orders. Thus the record does not reflect that Massengale engaged in misconduct or that Bautista was prejudiced as a result of alleged misconduct.

Accordingly, the court declines to vacate the Award based on arbitrator misconduct.

F

Bautista also seeks vacatur on the ground that Massengale exceeded his authority.

1

The Arbitration Agreement governs who has the power to decide questions of arbitrability. *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 675 (5th Cir. 2012). Ordinarily, a court will not assume that the parties agreed to arbitrate questions of arbitrability, but if the agreement "clearly and unmistakably" reserves that power for the arbitrator, the court may assume so. *Id.* (quoting *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986).

2

Bautista alleges that Massengale exceeded his authority by issuing the Award while Bautista's objections to the arbitrability of his claims were still pending before this court. But the court granted PWC's unopposed motion to compel arbitration of Bautista's claims, statistically closing this lawsuit pending the resolution of the arbitration. And it denied each of Bautista's motions challenging the arbitrability of his claims, concluding that he must seek relief after a final award had been entered. *See Bautista I*, 2025 WL 936658, at *5. Thus Massengale did not prematurely issue the Award.

Moreover, the Arbitration Agreement authorized Massengale "to decide jurisdictional and arbitrability disputes, including disputes over . . . [the] interpretation[] or scope of [the] agreement and who are proper parties to the arbitration." D. App. (ECF 43) at 42-43; *see also Petrofac*, 687 F.3d 671, 675 (5th Cir. 2012) (concluding that similar language in an arbitration agreement presented "clear and unmistakable evidence that the parties agreed to arbitrate arbitrability"). So Massengale did not exceed his authority when he concluded that the Arbitration Agreement required that Bautista proceed in his individual capacity. And to the extent that Bautista challenges Massengale's interpretation of the Arbitration Agreement, "[t]he court may not vacate an award based solely on legal or factual error." *Mai*, 2023 WL 5986464, at *3 (citing *United Paperworkers*, 484 U.S. at 38); *see also E. Associated Coal Corp. v. United Mine Workers of Am., Dist. 17*, 531 U.S. 57, 62 (2000) ("'[A]s long as [an honest] arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,' the fact that 'a court is convinced he committed serious error does

not suffice to overturn his decision.'" (second alteration in original) (citation omitted)).[5]

Accordingly, the court declines to vacate the Award based on Bautista's allegations that Massengale exceeded his authority.

G

The court turns to Bautista's remaining grounds for vacatur related to the inherent authority of this court, due process, ongoing systemic prejudice, and obstruction of his rights.

Section 10 of the FAA provides the exclusive grounds for vacatur of an arbitration decision. *Bacon*, 562 F.3d at 358. "[N]onstatutory ground[s] for setting aside an award must be abandoned and rejected." *Id.* None of Bautista's remaining grounds for vacatur is enumerated in § 10. The court thus declines to vacate the award based on these nonstatutory grounds.

Accordingly, the court denies Bautista's motion to vacate the Award.

---

[5]Bautista also maintains that Massengale exceeded his authority by proceeding with the arbitration despite the fact that Bautista asserted claims under the Sarbanes-Oxley Act of 2002, some of which are statutorily excluded from arbitration and excluded by the Arbitration Agreement. This argument lacks merit. Bautista did not bring a claim under the Sarbanes-Oxley Act in his original complaint. Instead, after this court had already granted PWC's unopposed motion to compel arbitration, Bautista filed multiple motions, which the court denied, seeking leave to amend his complaint to add, *inter alia*, an unspecified federal whistleblower claim. He then filed another motion, which the court also denied, in which he objected to the arbitrability of his purported claims under the Sarbanes-Oxley Act. Bautista's attempted addition of a federal whistleblower claim did not divest Massengale of authority or jurisdiction over the claims in Bautista's complaint that this court referred to arbitration and are the subject of the Award.

III

The court now turns to PWC's motion to confirm the Award.

"On application for an order confirming the arbitration award, the court 'must grant' the order 'unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA].'" *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) (quoting 9 U.S.C. § 9). Having concluded that there are no grounds for vacating, modifying, or correcting the Award, the court grants PWC's motion to confirm the Award.

\*   \*   \*

For the reasons explained, the court denies Bautista's motion to vacate the Award and grants PWC's motion to confirm the Award.

**SO ORDERED**.

September 29, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE